### JONES and another *against* JONES:

#### IN ERROR.

Where a parent, in consideration of natural affection, executed deeds of part of his estate to two of his children, to secure a provision for them, but retained such deeds in his custody, giving directions to his wife to lodge them, after his death, with the town-clerk for record, which was accordingly done; it was held, that this was an agreement, which a court of chancery would enforce.

This was a bill in chancery to obtain a legal title to certain real estate.

On the 25th of *December,* 1824, *Nathaniel Jones,* in consideration of love and affection, executed to the plaintiffs, two of his children, to his other children and to his wife, two deeds of all his estate, giving to each of them certain definite portions. These deeds he never delivered, but retained them in his own custody, and gave directions to his wife to lodge them, after his decease, with the town-clerk for record. He died on the 11th of *September,* 1825, and the day after his death, pursuant to such directions, she deposited them with the town-clerk; and

Hartford,
June,
1826.

Jones
*v.*
Jones.

they were recorded.   The plaintiffs prayed the superior court, as a court of chancery, to decree a specific execution of the contract contained in such deeds.   The superior court dismissed the bill.   The record was then transmitted to this Court for revision in error.

*T. S. Williams* and *W. W. Ellsworth*, for the plaintiffs in error, contended, That these deeds being intended as a family arrangement, in the nature of a testamentary disposition, a court of chancery would give them effect, notwithstanding the grantor retained the custody of them, during his life-time.   They cited *Newl. Contr.* 69. *Souverbye* & ux. v. *Arden* & al. 1 *Johns. Chan. Rep.* 240, 256. *Bunn* & al. v. *Winthrop* & al. 1 *Johns. Chan. Rep.* 329. *Clavering* v. *Clavering* & al. 2 *Vern.* 473. *Johnson* v. *Smith*, 1 *Ves.* 314. *Boughton* v. *Boughton*, 1 *Atk.* 625. *Villers* v. *Beaumont* & al. 1 *Vern.* 100. *Naldred* v. *Gilham*, 1 *P. Wms.* 577. *M'Call* & al. v. *M'Call*, 3 *Day* 402.

*N. Smith*, for the defendant in error, contended, 1. That the deeds could not be established, having never been delivered. The general doctrine that delivery is essential to the validity of a deed, is unquestionable; and this is as true in a court of chancery as in a court of law.   There is nothing in this case to take it out of the general rule.   There was no mistake.   The signer of the deeds did precisely what he *intended* to do.   His directions were complied with.   But if he had intended to make a valid conveyance, and had not done it, of what avail would it be?   Are these deeds valid, on the ground that they are in the nature of a testamentary disposition?   Admit that such is their nature; suppose, too, that they were in the *form* of a will; but before the instrument was signed, the testator died; would any court establish such a will, on the ground of its nature and design?   Some clear authority ought to be shewn, before a writing, which has not been delivered as a deed. and is not a deed at law, shall be regarded as a deed in chancery.   The plaintiffs have no superior equity.   The legal title, then, must prevail. The *English* cases go upon the peculiar notions in that country as to family settlements.   In *Bunn* & al. v. *Winthrop* & al. 1 *Johns. Chan. Rep.* 330. the deed was "duly signed, sealed *and delivered;*" and it was held, that the subsequent custody of it, by the grantor, did not destroy the effect of the delivery.

2. That if the delivery of the deeds could be dispensed with, the plaintiffs had adequate remedy at law.

HOSMER, Ch. J. As the deeds were never delivered, but were retained by the grantor in his own possession, the putting them into the custody of the town-clerk for record, must be laid out of the question. It was no delivery of them. A warrant of attorney for this purpose, would have been determined, by the death of the principal; and verbal authority cannot rest on higher ground. *Bac. Abr. tit.* Attorney. E. The case would have been different, if the deeds had been delivered to the wife, before the grantor's decease; for in that event, the delivery of them to the use of the grantees, to take effect on the death of the grantor, would, by legal operation, have been a delivery to the grantees themselves. *Belden* v. *Carter,* 4 *Day,* 66.

The question, then, arises, whether a court of equity, there being no claim of a creditor or purchaser, will, in favour of the wife and children of the deceased, decree the specific performance of a contract, not founded on valuable consideration, which was intended as a provision, by way of settlement. The law of chancery on this subject, has long been established. An agreement by a parent with a child, originating from natural love and affection, and entered into for the purpose of securing a provision for the latter, on account of the obligation of parents to provide for their children, will be enforced by a court of equity. *Randal* v. *Randal,* 2 *P. Wms.* 467. *Holt* v. *Frederick,* 2 *P. Wms.* 357. Ex parte *Barnsley,* 3 *Atk.* 185. On the same principle, it will decree the performance of a contract in favour of a wife, though made after marriage. *Beard* v. *Nutthall,* 1 *Vern.* 427. Hence, in the case under discussion, no discrimination will be made between the equitable right of Mrs. *Jones* and that of her children.

Had the deeds been made on valuable consideration, there could exist no question that equity would specifically enforce the contract. Now, if a grant to a wife and children, no creditor or purchaser having any interest, is, in the contemplation of a court of chancery, founded on a meritorious consideration, equally obligatory, as if it were made for value received, then the result in both cases must be the same.

On a transient view of some of the determinations cited, the mind may receive an impression adverse to the claims of the

plaintiff; but on more attention, it will appear, that even these cases, by strong implication, are in their favour.

In *Naldred* v. *Gilham*, 1 *P. Wms.* 577. a voluntary settlement on a nephew, retained in possession of the aunt, the chancellor refused to establish. But this decision did not proceed on the ground that a settlement thus kept in custody by the grantor, was, for this reason, invalid. From the fact that the settlement was retained in the grantor's custody, and several other circumstances, the court inferred, that it was a case of fraud and imposition. The case of *Cotton* v. *King*, 2 *P. Wms.* 358. was determined on the principle, that as the mother, who had made a voluntary settlement in favour of her children, remained in the visible possession of the estate, and afterwards married a person, who had no notice of the settlement, it was hard and inequitable to decree against the husband. The decision proceeded on the ground, that the equity of the children was inferior to the husband's equity. In the case of *Ward* v. *Lant*, *Prec. Chan.* 182. a voluntary bond, made by a father to his daughter, never delivered, nor intended to be delivered, was set aside. All these cases imply, that if a settlement is intended to be delivered, and there is no fraud on a third person, the contract will be carried into specific execution. And in the case last cited, the chancellor said, he should make no difficulty, if the lady, the person who made the settlement, were the survivor and the only defendant in the cause, to decree against her.

The principle, that a deed of settlement retained in the possession of the grantor, although it be voluntary, if it be not tainted with fraud, nor intended not to be delivered, is always obligatory in equity, the case of *Clavering* v. *Clavering*, most fully supports. 2 *Vern.* 473. S. C. 7 *Bro. Parl. Cas.* 410. *Toml.* ed. Old Sir *James Clavering*, having three sons, *John*, *James* and the plaintiff, *Henry*, in 1663, settled 600*l. per annum* on *John*, his eldest son, and 500*l. per annum* on *James*, his second son; and in 1684, he likewise settled the manor of *Lamedon* on trustees, in trust to pay to the plaintiff, his third son for life, and to his daughter *Catharine* for life, 1000*l. per annum*. After this, in the year 1690, without regard to the settlement of 1684, he conveyed the manor of *Lamedon* to the plaintiff for life, and made another provision for his daughter *Catharine*. The settlement of 1684 was never delivered or published, but was retained by old Sir *James* in his own power, and after his death, was found among his papers. The bill of the plaintiff was to be relieved

against the last-mentioned settlement, but it was dismissed by the court.  It was said, by the Lord Keeper, that "where there hath been a covenant to stand seised to the use of a relation, although it is a voluntary settlement, yet this Court, in the ancient of times, always executed such uses.  In the Lady *Hudson's* case, where the father having taken displeasure at his son, made an additional jointure on his wife, but kept it in his power, and being afterwards reconciled to his son, cancelled the additional jointure and deed ; the wife, after his decease, found the cancelled deed, and recovered by virtue of it."  The decree in this case was affirmed in the *House of Lords.*

*Hartford,*
July,
1826.

Jones
*v.*
Jones,

In the case of *Boughton* v. *Boughton,* 1 *Atk.* 625. it was determined, by Lord *Hardwicke,* that a voluntary deed kept by a person, and never cancelled, will not be set aside, by a subsequent will.  To the same effect is the decision of the same eminent judge, in *Johnson* v. *Smith,* 1 *Vesey* 314.

The general principle, that a voluntary conveyance, made with a view to a family settlement, is such a conveyance as chancery will effectuate, was recognised by the court, in *McCall* v. *McCall,* 3 *Day* 402.

In *Souverbye* & ux. v. *Arden,* 1 *Johns. Chan. Rep.* 240. the opinion of chancellor *Kent* goes the full length of the case under discussion.  "A voluntary conveyance," said the chancellor, "fairly made, is always binding in equity, upon the grantor, unless there be clear and decisive proof that he never parted, nor intended to part, with the possession of the deed ; and if he retain it, there must be other circumstances, besides the mere fact of retaining it, to show that it was not intended to be absolute." In *Bunn* & al. v. *Winthrop & al.* 1 *Johns. Chan. Rep.* 329. it was decided, "that a voluntary conveyance or settlement, though retained by the grantor in his possession until his death, is good."  In contravention of the determinations, to which I have referred, no case has been cited ; nor am I aware, that any exists.

The question before us is settled, by all the adjudged cases ; and the principles embraced by them have become firmly and indisputably established.  A voluntary settlement of his estate, on his wife and children, was made by *Nathaniel Jones,* with the fixed intention, that the deeds should remain in his custody during his life, and after his decease, that they should be delivered.  In point of effect, the case is not distinguishable from that of a voluntary deed, actually delivered ; except that in the

latter case, the aid of chancery is not necessary to enforce the performance of the contract.

The other Judges were of the same opinion.

Decree reversed.