DaNieu, J.
The only question in the cause was, whether Warren Baldwin, the owner of the slaves, ever delivered as his deed the paper writing, under which the plaintiff claimed them. It is admitted by the plaintiff’s counsel, that the signing and sealing of the paper writing would not make it the deed of Warren Baldwin, but that delivery was also necessary He contends, however, that what took place at the time the witnesses attested the paper, to wit, Baldwin’s signing, sealing, acknowledgment, and preservation of the paper, made it in law his deed and was tantamount to a delivery. The cases of Parkes v. Meares, 2 Bos. & P. 217, and Grillier v. Niel and others, Peak’s Cases 146, have been cited. In the first case the plaintiff’s attorney had possession of the deed signed *510 and sealed, and he asked the witness to attest it, in the presence die obligor, which he did. The witness also knew the hand writing of the obligor. The Court left it to the jury, Upon evjdencej whether the defendant had not sealed and delivered the deed to the plaintiff’s attorney, which in law would be a good delivery to the use of the plaintiff. In the second case, the Court held that the proof by the witness of the hand writing of the obligor, was evidence to go to the jury, that he also sealed and delivered it* and, there being nothing to the contrary, it was sufficient evidence. We think neither of these cases aids the plaintiff. In the case of Jakes v. The Methodist Church, 17 Johns. Rep. 548, the deed of marriage settlement was duly executed by the parties and laid on the table, and the wife, as cestui que trust, took it up and kept it in her possession for the trustee, until her death. It was held in equity, under the circumstances of the case, to be a good and valid delivery of the deed. The contest was with the husband, Mr. Jakes, by those claiming under the deed of settlement, which had been made agreeably to an anti-nuptial parol contract. And the husband had in a variety of instances acknowledged the validity of the deed; and he had been appointed by his wife executor to her will, and he had qualified and acted as such. The Court said, after all these circumstances, they would not now hear him to allege, that the deed had never been delivered to the trustee; so we see that case turned upon its own peculiar circumstances, and that it is no authority for the present plaintiff. In Doe & Garnons v. Knight 5 Barn. & Cress. 671, the lessor of the plaintiff claimed the property, as beingthe mortgagee of Mr. Wm. Wynn, deceased. The mortgagor on one day signed, sealed and acknowledged the deed, and procured his niece to witness it. He did not tell her the contents of it, and he then took it away with him. On a subsequent day, he went to the house of his sister, Miss Elizabeth Wynn; he brought to her a brown paper parcel, and said, “ here, Bess, keep this, it belongs to Mr. Garnons.” He came again and asked for the parcel, and she gave it to him. He returned it back to her, saying, “ here, put this by.” He *511 sent word to Garnons, that he would take care to make him perfectly secure for all the moneys due from him. Miss Wynn, received the said parcel, which contained the mortgage deed and retained it until the death of her brother, which happéned in August, and she then delivered it to Mr. Garnons. Baron G arrow, who tried the cause, told the jury that the question for them to decide was, whether the delivery to Miss Wynn was, under all the circumstances of the case, a departing with the possession of the deed, and of the power and control over it, for the benefit of Mr. Garnons, and to be delivered to him either in Mr. Wynn’s lifetime or after his death ; or whether it was delivered to Miss Wynn, merely for safe-keeping as the depository, and subject to his future control and disposition j if for the latter purpose, they should find for the defendant; otherwise for the plaintiff. A verdict was rendered for the plaintiff. And a rule, to show cause why a new trial should not be granted, was obtained on the ground, that there had not been a sufficient delivery of the deed. The Court said : can there be any question, but that delivery to a third person, for the use of the party, in whose favor a ■ deed is made, where the grantor parts with all control over the deed, makes the deed effectual from the instant of such delivery? The rule for a new trial was discharged. We see nothing in the above case, to support the plaintiff’s motion. For a delivery in that case had in fact been made to a stranger to the transac-action, for the use of Garnons. In the case now before us, Warren Baldwin did not deliver the paper to the plaintiff, or his agent, or to a stranger for his use. And the case shews, that he never intended to deliver it, or that it should in fact be delivered in his lifetime : for he told a witness, that the paper was then in his possession; and he requested that the witness should, after his death, take it from among his other papers and deliver it. The delivery of a deed, a transmuta- • tion of the possession is an essential ceremony to the complete execution of it, and if Warren Baldwin had then delivered the paper writing to the witness, with a request that it should be delivered to the plaintiff after the death of the grantor, it *512 would have been a good deed from the time of the delivery to witness. But he did not delivpr the writing to the witness ; and the parol authority given to the said witness, even ^ g0Q(j ¡n ]aw t0 deliver a deed, was in law instantly revoked by the death of Warren Baldwin. It was argued, that although there was actually no delivery or parting with the (possession of the instrument, yet it was operative as a deed, if the party intended it should be good without more doing. ABut that is inconsistent with the very definition of a deed, /which is a writing sealed and delivered. The argument (is, that the deed shall be good without delivery, if the J party so intended; though the law says, that delivery is essen-fial to the constitution of that instrument. Such an intention cannot overthrow the rule of law. But, in truth, there was no intention that this instrument should presently operate; for the plaintiff’s own evidence was, that the grantor did not intend it should have any effect, until after his death; and, as he retained the instrument until that event, no person could then deliver it. The plaintiff’s counsel has labored this case very much, and he has cited many authorities,. but they do not satisfy us, that the Judge who tried this cause, erred in the law he laid down. The case of Moore v. Collins, 4 Dev. Rep. 384, supports him. Secondly, the plaintiff’s counsel insists, that the Court should have left it to the jury to say, from all the evidence given in, whether the fact of delivery of the deed was proved to their satisfaction. The case does not shew, that the plaintiff offered any evidence tending to prove that fact. The Court might therefore say, that there was no evidence on that point. We think the judgment must be affirmed.
Per Curiam, Judgment affirmed.