Pearson, J.
 

 When this case was before this Court at June Term 1844, it was decided, that an execution does not bind equitable interests and rights of redemption from its
 
 teste,
 
 as in ordinary cases, but from the time of “exc
 
 *304
 
 cution served and it was declared that the plaintiff would be entitled to a decree, provided the deed, under which he claimed, took effect before the execution, under which the defendant Harris claimed, was issued. 3 Ired. Eq 289.
 

 We are satisfied, that the view then taken of the case was correct. The rights of the parlies depend upon that' single question.
 

 The execution issued on the 7th of March 18 to. The plaintiff alleges, that the deed took effect on the 2d of March 1840. The facts are, that on the 2nd of March the plaintiff and the defendant Morgan made an agreement, by which the plaintiff was to give Morgan $725, for the land, to be paid, a part in cash, and the balance in notes and specific articles, as soon as the plaintiff was able, which he expected would be in a few days, and Morgan was to make a deed to the plaintiff, and hand it to Col. Hardy Morgan, to be by him handed to the plaintiff, when he paid the price. Accordingly on that day the plaintiff paid to Morgan a waggon and some leather, which was taken at the price of $57 50 and Morgan signed and sealed the deed, and handed it to Col. Morgan to be handed to the plaintiff, when he paid the balance of the price. The deed was witnessed by Col. Morgan and one Sanders, and is dated on the 2nd of March. After-wards on the tenth of March, the plaintiff paid to Morgan the balance of the $725, with the exception of $152, for which Morgan aeepted his note, and the deed was ' then handed to the plaintiff by Coi. Morgan.
 

 The question upon these facts is, whether the deed takes effect from the 2nd or from the 10th of March? We are of opinion, that it takes effect from the 2nd, at which time, according to the agreement, it was signed, scaled,.and delivered to Col Morgan, to be delivered to the plaintiff, when he should pay the price. The effect of the agreement was to give the plaintiff the eqitable es
 
 *305
 
 tate in the land, and to give Morgan a right to the price. The purpose, for which the deed was delivered to a third person, instead of being delivered directly to the plaintiff vi'as merely to secure the payment of the price. When tjiat was paid, the plaintiff had a right to the deed. [ The pWpose, for which it was put into the hads of a third person, being accomplished, the plaintiff then held it in the same manner, as he would have held it, if it had been delivered to him in the first instance. This was the intention, and we can see no good reason why the parties should not be allowed to effect their end in this way.
 

 It is true, the plaintiff’was not absolutely bound to pay the balance of the price. Perhaps, he had it in his power fo avail himself of the statute of frauds, and it would seem from the testimony, that, atone time,he contemplated doing so,
 
 on account of
 
 some
 
 doubt as to the title ;
 
 but he complied with the condition and paid the price. His rights cannot be affected by the fact, that he might have avoided it. If the vendor had died, after the delivery to the third person, and before the pajunent, the vendee upon making the payment, would have been entitled to the deed ; and it must have taken effect from the first delivery ; otherwise} it could not take effect at all. The intention was, that it should be the deed of the vendor from the time it was delivered to the third person, provided the condition was complied with. If this intention is
 
 bonafide
 
 and not a contrivance to interfere with the right of creditors, of which there is no allegation in this case, it must be allowed to take effect.
 

 A distinction is taken in the old hooks, between a case, when a paper, being signed and sealed," is handed to a third person, with these words ; “take this paper and hand it to A. B. “as
 
 my deed,
 
 upon condition” &c., and a case where these words are used, take
 
 “this deed
 
 and hand it to A. B. upon condition” &c. In the latter case it takes effect presently; while in the former, it is held, in most
 
 *306
 
 cases, not to take effect, until the second delivery.— Touchstone, 58
 
 59,
 

 The distinction, upon which this “diversity” is made, would seem too nice for practical purposes, to be a mere play upon words. The intention of the parties, whether one set of words be used or the other, is to make it a deed presentí}', but to lodge it in the hand of a third person, as a security for the performance of some act. If it was not to be a deed presently, provided the condition be after-wards performed, the maker would hold it himself, and the agency of the third person would be useless. Indeed the idea, that the third person is a
 
 mere agent
 
 to deliver the paper as a deed, if particular words be used, “escrow” for instance, even by the old cases, has many exceptions* and the deed is allowed, in such cases, to take effect. As if the maker dies, as in the case above put; or becomes-
 
 non compos mentis;
 
 or, being a
 
 feme
 
 sole, marries ; or if the vendor should create any incumbrance, as by making a lease; in all such cases, when the paper was handed to the third person to be
 
 delivered as a deed
 
 upon condition &c, it is allowed to take effect from the first delivery, in order to effectuate the intention of the par-' ties. In other words, when it can make no difference, the deed takes effect from the second delivery, but if it does make a difference, then the deed takes effect from the first delivery. This entirely yields the question. The last exception cited above, as to the relation of the deed, in cases of “escrow” to avoid a lease, takes in the case qnder consideration ; for it is the same, whether the incunlbrance, to be avoided, proceeds from the act of the party, or from the effect of an execution, as the object is to make the deed effectual and to carry out the intention.
 
 State
 
 v.
 
 Pool, 5
 
 Ired. 105.
 

 But. in truth, the distinction cannot be acted upon — it is merely verbal, and whether one set of words would be used, or the other, would be the result of mere, accident.
 
 *307
 
 The law does not depend upon the accidental use of mere words “ trusted to the slippery
 
 memory
 
 of witnesses.” Itudepends upon the act, that a paper,
 
 signed and
 
 sealed, - is put out of the possession of the maker. It must be confessed, (and with reverence I say it,} that many of the
 
 dicta
 
 to' be found in-lhe old books, in reference to deeds, are too “subtle and cunning” for practical use, and have either been passed over in silence, or wholly explained away.
 

 We are satisfied from principle and from a consideration of the authorities, that when a paper is signed and sealed and handed to a third person to be handed to another upon a condition, which is afterwards complied with, the paper becomes a deed by the act of parting with the possession, and takes effect presently, without reference to the precise words used, unless it clearly appears to be/the intention, that it should not then become a deed, and this intention would be defeated by treating it as a deed from that time, as, if, no fraud being suggested, the paper is handed to the third person, before the parties have concluded the bargain, and fixed upon the terms; which cannot well be supposed ever to be the case ; for in ordinary transactions, the preparation of deeds of conveyance, which is attended with trouble and expense, usually comes
 
 after
 
 the
 
 agreement
 
 to sell.
 

 There must be a decree for the plaintiff, with costs against the defendant Harris.
 

 Per Curiam.
 

 Decree accordingly.