Pearson, J.
 

 The ease is very long, and presents many points. Most of them are not stated distinctly, and we prefer to put the decision upon one, in which there is manifest e?
 
 rov.
 

 There are some twenty lessors, who claim as the heirs at law of one David Bradford, Junior. David Bradford, Senior, died in 17 79, having devised the land sued for, (as the plaintiff alleges.) to his son, the said David Bradford, Junior ; and, to show that, the plaintiff examined one George Erwin who swore, that “ said David died without children,” (be does not state the time of his death,) “leaving two'brothers James and Michael Bradford.” He also swore, David died in possession of the land and that
 
 the lessors of the-plaintiff were the heirs at law of said David
 
 Bradford,
 
 Junior.
 
 He further swore, he knew all of the children of the said James and Michael, except two, whom he had never seen, but he had frequently heard those two spoken of in the family, and among the relations, as the children of said Michael and James. He also swore, that J ames and Michael died before the commencement of this action. Witness was the uncle of David, James and Michael. He also swore, that David Bradford, junior, had sisters and other brothers, besides James and Michael. There was no proof of their death.
 

 The defendant moved his Honor to charge “ that there was no evidence that any of the lessors of the plaintiff were the heirs at law of David Bradford, Junior; and that the statement of the witness Erwin, that they were his heirs at law, was not a question of fact, but one of law to be decided by the Court, and could not be proved by a witness in that way.”
 

 His Honor refused to give the instruction, but told the jury, it was true, that, who were the heirs at law of a deceased person, vras a question of law, and not one of fact,
 
 *293
 
 to be proved by witnesses ; yet, if the jury could collect from the testimony, offered in the case, that the lessors of the plaintiff were the heirs at law of David Bradford, Junior, they should find for the plaintiff on that point.
 

 In this there is error. His Honor correctly decided, that the heirs at law of a deceased person are to be ascertained, as a question of law, according to the canons of descent, in force at time of his death. But he then leaves it to the jury to
 
 “
 
 collect from the testimony, that the lessors were the heirs of David Bradford” — thus committing a double error, by leaving a question of law to the jury, and by leaving a question to the jury, in reference to which there was no evidence.
 

 There must be a
 
 venire de novo.
 

 Per Curiam. Judgment accordingly.