MRS. M. E. FORTUNE v. HAL. HUNT et al.

(Filed 9 December, 1908).

1. **Deeds and Conveyances—Delivery to Third Party—Conditional Delivery—Presumption—Evidence—Rebuttal.**

   The execution and delivery of a deed by the maker to a third person must be accompanied by unqualified instruction to deliver, to make such delivery effectual; and when the testimony of the subscribing and only witness tends but to show that the maker signed the deed, and gave it to a third person with instruction to deliver it to the proper person if he never called for it, and that it was not delivered to the grantee in the lifetime of the maker, the presumption of delivery from the unexplained possession of the grantee and its registration is rebutted.

2. **Deeds and Conveyances—Delivery to Third Party—Conditional Delivery—Death—Revocation.**

   When the maker of a deed gives it to a third person to deliver, but qualifies his instructions so as to retain control over it, and dies while this condition exists, in law his death revokes the authority thus given; otherwise, when the delivery is complete in grantor's lifetime, for then it relates back to the time of its delivery to the third person.

3. **Deeds and Conveyances—Delivery Essential—Intent.**

   The actual delivery is essential in law to the validity of a deed, and in its absence the intention of the grantor will not be considered.

4. **Deeds and Conveyances—Delivered to Third Party—Presumptive Delivery — Evidence — Burden of Proof — Verdict Directing— Questions for Jury.**

   The presumption is that a deed duly proven was executed and delivered at the time it bears date. The burden of proof is upon the party seeking to attack its validity to show the contrary. Therefore, the Court erred in directing a verdict, but should have submitted the issue to the jury with appropriate instruction.

PARTITION PROCEEDINGS, tried by *Ward, J.*, and a jury, April Term, 1908, of RUTHERFORD, upon issues joined in the pleadings before the Clerk.

The plaintiff claimed under a deed alleged to have been executed and delivered to William Hunt, Sr., and introduced

evidence to establish her contention.   The defendant intro-
duced no evidence.

Under the direction of the Court the jury found for plain-
tiff.   From the judgment rendered the defendants appealed,
assigning three errors.

*Gallert & Carson* for defendants.
Plaintiff not represented in this Court.

BROWN, J.   It is stated in the brief of the learned counsel
for defendants, that if his Honor was correct in holding that,
upon the entire evidence in any view of it, there was no
delivery of the deed of 21 September, 1870, from William
Hunt, Sr., and wife to Elizabeth Hunt, then the judgment of
the Superior Court should be affirmed.   We think his Honor
did err in directing a verdict upon that issue.

The deed in question was signed by William Hunt, Sr.,
on 21 September, 1870, who died three or four days there-
after.   It was probated 1 January, 1891, and registered in
August, 1906.   The witnesses to the deed are J. T. Mode and
his father, W. G. Mode, who is dead.

The facts as testified to by the witness to the deed, J. T.
Mode, are, that the deed was signed by William Hunt, Sr.,
three or four days before his death, that it was not delivered,
although some of the children were present.   William Hunt,
Sr., signed the deed, and the witness further testifies, "and
after he had done so he told my father to take it up and
keep it, and if he never called for it, to deliver it to the
proper person; my father carried it home, and filed it away
at his own house; it was not turned over to any of the grantees
in the lifetime of William Hunt, Sr.; I saw it in my father's
possession; do not know how defendants came in possession
of it.   Mrs. Elizabeth Hunt was there when the deed was
signed; W. W. Hunt, Sr., signed several deeds at the same
time, and he said to my father, W. G. Mode, to take the
deeds, and if he did not call for them for him to deliver them

to the proper parties;" J. M. Mode also testified that the deed was in the possession of his father, W. G. Mode, after William Hunt, Sr.'s death.

We concede that when the maker of a deed delivers it to some third party for the grantee, parting with the possession of it, without any condition or any direction to hold it for him, and without in some way reserving the right to repossess it, the delivery is complete and the title passes at once, although the grantee may be ignorant of the facts, and no subsequent act of the grantor or any one else can defeat the effect of such delivery. *Phillips v. Houston,* 50 N. C., 302; *Robbins v. Rascoe,* 120 N. C., 79.

The above cases and the others cited by the learned counsel for defendants sustain that proposition.

But in the case under consideration there is no acknowledgment of execution by the grantor. The execution is proven by the witness to the deed after the grantor's death, and that witness testifies now to facts which completely rebut any presumption of delivery. If the facts testified to by the witness be true, the grantor retained control of his deed and had the right to repossess himself of it at any time. There was never a delivery to the grantee, nor to anyone for her during the grantor's life. *Baldwin v. Maultsby,* 27 N. C., 505.

We differ with the learned counsel for defendants that the intention of William Hunt, Sr., is in any way involved. The delivery of a deed, a transmutation of the possession, is an essential ceremony to the complete execution of it, and if William Hunt, Sr., had delivered the paper writing to W. G. Mode with an unqualified instruction that it should be delivered to the grantee after the death of the grantor it would have been a good deed from the time of delivery to the witness.

But the grantor did not deliver the paper with such unqualified direction. He retained control of it and the parol au-

thority, given to W. G. Mode, was in law revoked by the death
of Hunt.

It is contended that although there was no actual delivery
or parting with the control of the paper, yet it was operative
as a deed if the grantor *intended* it should be good as such.

This position is inconsistent with the very definition of a
deed, which is a writing sealed and delivered. The intention
of the grantor will not take the place of actual delivery, which
is essential in law to the validity of a deed. As said in
*Baldwin v. Maultsby, supra,* "such an intention cannot over-
throw the law."

It is set forth in the text books and adjudicated cases gen-
erally, that where the grantor executes a deed and places it in
the hands of a third person with instructions to have it deliv-
ered and recorded in case of the grantor's death, but to retain
it subject to the grantor's control until his death, and the
bailee held the deed until after the grantor's death and then
delivered it, there is no valid delivery. *Baldwin v. Maults-
by, supra;* 2 Jones Law of Real Property, sec. 1312; 1 Dev-
lin on Deeds, sec. 279; *Brown v. Brown,* 66 Me., 316; *Shurt-
leff v. Francis,* 118 Mass.; *Jones v. Jones,* 6 Conn., 111;
*Lang v. Smith,* 37 W. Va., 725. So long as a deed is within
the control and subject to the authority of the grantor there
is no delivery, without which there can be no deed. But
where the delivery to the third party is complete during the
grantor's life and the instrument passes beyond the grantor's
control by his act, but the time the instrument is to take effect
is postponed until the grantor's death, and when he dies the
third party delivers the deed to the grantee, it is a valid deliv-
ery, and the title passes with it. 1 Devlin, sec. 279, and
cases cited. The delivery then relates back to the time when
the grantor delivered it to the third party.

We think, however, that his Honor erred in *directing* the
jury to answer the first issue "No." After instructing them
upon the law bearing upon the issue, the Court might well

have instructed the jury that if they found the facts to be as testified to by the witness Mode, there was no delivery of the deed, and that they should answer 1st issue, "No." The defendants had the right to have the jury pass on the credibility of such witness who was introduced by plaintiff.

The value and weight to be given to this testimony is peculiarly within the jury's province. His Honor should have told the jury that the law presumes that this deed, proved, registered and offered in evidence by the defendants, claiming under it, was executed and delivered at the time it bears date, unless the contrary be shown, and that the burden to show it rests upon this plaintiff. *Meadows v. Cozart,* 76 N. C., 450; *Kendrick v. Dellinger,* 117 N. C., 492; *Lyerly v. Wheeler,* 34 N. C., 291. Whenever the rules of evidence give to testimony the artificial weight of a presumption, the question whether such presumption is rebutted by parol evidence, introduced for the purpose, must go to the jury, unless the truth of such rebutting testimony is admitted. *Vaughan v. Parker,* 112 N. C., 96; *Kendrick v. Dellinger, supra.*

If the facts testified to by the witnesses, as set out in the record, be true, then the presumption that the deed was delivered is rebutted, but his Honor had no right to pass on the credibility of their testimony.

For such error there must be a

New trial.