JAMES HUDDLESTON ET ALS. v. A. F. BAXTER HARDY.

(Filed 3 December, 1913.)

**1. Deeds and Conveyances—Escrow—Delivery—Evidence.**

Where a deed is executed and given to a third person to be held in escrow and to be given by him to the grantee after the death of the grantor, the latter retaining no control over it and no right to recall it, it is a valid delivery; and when the deed is once delivered without reservation, the grantor cannot by any subsequent act of his, defeat the rights of the grantee.

**2. Same—Intent—Trials—Questions for Jury.**

Where a deed is executed and given to a third party to be held in escrow, to be then given to the grantee after the death of the grantor, and the evidence is conflicting as to whether, at the time of the delivery in escrow, the grantor did so without reservation or without retaining control over it, the controlling test is the intent of the grantor, at the time, to part with the deed and put it beyond his control, which raises an issue of fact to be determined by the jury.

**3. Same—Subsequent Writing in Escrow.**

In an action involving the question of delivery of a deed, a witness testified that the deceased grantor had told him he wished the grantee to have the lands, and on the following day the grantor came to his office, executed the deed, saying he wanted it to be held in escrow, and passed it across a desk at which they were sitting, saying, "There is the deed," and the witness placed the deed under an inkstand on his desk; that about an hour and a half later the grantor signed written instructions as to the conditions of the escrow, reciting therein that he "did execute and deliver the deed," before which time there was no suggestion of the right of the grantor to retain or lose control of the deed: *Held*, upon this evidence it was for the jury to determine whether or not the grantor parted with the possession of the deed, intending at the time to surrender all power or control over it.

WALKER, J., concurring in result.

APPEAL by defendant from *Justice, J.*, at July Term, 1913, of McDowell.

This is an action to recover land. The plaintiffs are the heirs at law of A. F. Huddleston. The defendant claims under a

deed from the said A. F. Huddleston, and the question in controversy is whether there is any evidence of the delivery of this deed.

During the trial of the cause the plaintiffs introduced as a witness one L. A. Haney, who testified as follows: That he had talked to old man Huddleston more than once about preparing a deed for him to sign to defendant; that on Sunday, 3 May, 1903, he went over to his house and asked him if he had prepared the deed; that he wanted to sign the said deed to Hardy and place it in his hands as an escrow; that on Monday, 4 May, the next day, he went to his (Huddleston's) house and wrote deed and he signed it and pushed or threw it across the table to witness, and told him there it was, and witness took deed and folded it up and laid it down and put inkstand on it, and then went on to talk about the history of his life for an hour and a half; that he (Huddleston) said he did not want Hardy put in possession to turn him off the land, and either Huddleston or witness suggested that witness had better put in writing what he was to do with the deed, when witness wrote the other paper dated 4 May, 1903, at his own suggestion, one and a half hours after Huddleston had signed deed. Then deceased (Huddleston) signed it. The deed and other paper were both witnessed by L. A. Haney and L. A. Owens. The deceased, at different times, told witness that he intended for Baxter Hardy, the defendant, to have the land.

The other paper referred to is as follows:

This writing witnesseth, that whereas A. F. Huddleston did on 4 May, 1903, execute and deliver a certain deed bearing even date herewith, made by said A. F. Huddleston to one A. F. Baxter Hardy, and whereas the said Huddleston is desirous of obtaining his support from land during his natural life: Now, therefore, he places the above described deed in escrow with one Lewis A. Haney to be delivered by the said Haney on the following conditions:

1st. The said L. A. Haney is to deliver the above described deed to A. F. Huddleston at any time at the request of said A. F. Huddleston.

2d. At the request of said A. F. Huddleston, the said Haney is to deliver the said deed to A. F. Baxter Hardy.

3d. That immediately at my death the said L. A. Haney shall at once deliver the said deed to the said A. F. Baxter Hardy, should it not be delivered by him as above set forth before my death.

In witness I have set my hand and seal, this 4 May, 1903.

(Sig.) · A. F. HUDDLESTON.

His Honor instructed the jury if they believed the evidence to answer the first issue "Yes" and the second issue "No," to which the defendant excepted, and under this instruction the jury returned the following verdict:

1. Are the plaintiffs the owners of the land described in the complaint? Answer: Yes.

2. Was the deed to the defendant executed and delivered by A. F. Huddleston? Answer: No.

Judgment was rendered in favor of the plaintiffs, and the defendant excepted and appealed.

*James Norris and W. T. Morgan for plaintiff.*
*D. L. Carlton and Hudgins & Watson for defendant.*

ALLEN, J. If there is any evidence of a delivery of the deed to Haney for the defendant, the ruling of his Honor is erroneous, and the case of *Weaver v. Weaver,* 159 N. C., 18, would be decisive in favor of the contention of the plaintiffs that there is no such evidence, if the paper-writing executed after the deed was signed, by which the control of the deed remained with the grantor, had been incorporated in the deed, or had passed from the grantor at the same time with the deed.

It was held in the *Weaver case* that there is no delivery if the grantor reserves the right of recall, although the deed is placed in possession of a third person, to be delivered to the grantee at the death of the grantor, if not recalled; but the Court also quoted with approval from *Tarlton v. Griggs,* 131 N. C., 216, that, "There must be an intention of the grantor to pass the deed from his possession and beyond his control, and

he must actually do so, with the intent that it shall be taken by grantee or some one for him. Both the intent and the act are necessary to the valid delivery. Whether such existed is a question of fact to be found by the jury."

The Court also approved *Fortune v. Hunt,* 149 N. C., 360, where it is said: "When the maker of a deed delivers it to some third party for the grantee, parting with the possession of it, without any condition or any direction to hold it for him, and without in some way reserving the right to repossess it, the delivery is complete and the title passes at once, although the grantee may be ignorant of the facts, and no subsequent act of the grantor or any one else can defeat the effect of such delivery."

These authorities establish the following propositions:

(1) If the deed is given to a third person for the grantee, and the grantor retains control of it and the right to recall it, there is no delivery.

(2) If the deed is given to a third person for the benefit of the grantee and the grantor retains no control over it and no right to recall it, there is a delivery.

(3) If the deed is once delivered, without the reservation of any control over it, the grantor cannot by any subsequent act of his defeat the rights of the grantee.

(4) That the controlling test of delivery is the intention of the grantor to part with the deed and put it beyond his control, and that this intent is an issue of fact, to be passed on by a jury.

Applying these principles, we are of opinion, not that the deed has been delivered, but that there is evidence of delivery which should be considered by a jury.

The grantor told Haney the day before the deed was signed that he wanted to sign a deed to the defendant and place it in his (Haney's) hands as an escrow; on the next day, after signing the deed, he pushed or threw it across the table and said there it was, and Haney took it, folded it, and placed it under an inkstand, and in the paper executed one hour and a half later he recites that he "did *execute* and *deliver*" the deed. It also

appears from the evidence that after the deed was signed and given to Haney, the grantor talked an hour and a half about the history of his life before the right to retain control of the deed was suggested or considered.

If the jury find upon this evidence that the grantor parted with the possession of the deed, intending at the time to surrender all power or control over it, there has been a delivery, which could not be affected by the execution of the paper thereafter.

On the other hand, if the grantor did not part with the possession of the deed until after the second paper was signed, and it was left on the table while he and Haney were discussing his history and what was best to be done, or if it was not the intention of the grantor at the time he pushed or threw the deed to Haney to part with its possession and control, then there is no delivery.

These are questions for the jury, and to the end that they may be considered, a trial before a jury is ordered.

Reversed.

WALKER, J., concurring in result: I yield my assent fully to the general principles stated in the Court's opinion. There must not only be a physical delivery of a deed as the final act of execution, but it must be accompanied by an intent of the grantor to perfect the instrument. The question of delivery is a mixed one of law and fact. When the facts are admitted or established, it is one of law. No special formulary of words or acts is prescribed as essential to the completeness of the instrument as the deed of the party sealing it, but when a present unqualified or unconditioned delivery has been made, the deed becomes immediately operative and is placed beyond the grantor's recall. It can make no difference how long afterwards it is when he changes his mind, whether the interval be very short or very long, it will not change the result; the act of delivery is instantaneous, and the deed becomes irrevocable. This is what we decided in *Fortune v. Hunt,* 149 N. C., 358, where *Justice Brown* says: "When the maker of a deed delivers it to some third party for the grantee, parting with the posses-

sion of it, without any condition or any direction as to how he shall hold it for him, and without in some way reserving the right to repossess it, the delivery is complete and the title passes at once, although the grantee may be ignorant of the facts, and no subsequent act of the grantor or any one else can defeat the effect of such delivery." The facts in this case are not disputed. The deed was written by L. A. Haney, signed by the grantor, A. F. Huddleston, on 4 May, 1903, at his home, "who pushed or threw it across the table to Haney," saying, at the time, "There it is." He had stated that he wanted to "sign the deed to Baxter Hardy" and place it in his hands, for his use and benefit, and at different times told witness "that he intended for Baxter Hardy, the defendant, to have the land." Haney took the deed, folded it up, and laid it down, and put the inkstand on it. The matter was then dropped for a full hour and a half, when, for the first time, he referred to the possibility that "his son might turn him off the land." But the act of delivery was then complete, as much so as if the new matter had not been mentioned for a month afterwards. If nothing more had been said after the delivery to Haney, we would not hesitate to declare that a legal delivery had been effected, and that no *locus penetentiæ* was left to the grantor, or power of recall. Why is not the same true, as to this deed, if after delivery the grantor "cannot by a subsequent act defeat the effect of the delivery," as *Justice Brown* said in *Fortune v. Hunt?* It did not require one and a half hours to ripen the delivery into a perfect one. It was already a finished act. I might cite authorities without number to sustain these views, but they need no such support. Our own decisions are quite sufficient for the purpose, and they are perfectly familiar to us. Some of them will be found in *Robbins v. Rascoe,* 120 N. C., 80; *Hall v. Harris,* 40 N. C., 303. The grantor delivered the deed and Haney took possession of it, at his request, for his son. It is the same as if the son had been there and received it in person. There was nothing to explain or qualify this unequivocal act of delivery, and the law, therefore, adjudges it to be, in itself, sufficient to perfect the deed. The judge should have reversed his in-

struction and told the jury to answer the first issue "No" and the second issue "Yes," if they believed the evidence or found the facts according to the testimony. The case falls manifestly within the second and third classes stated in the Court's opinion. *Bond v. Wilson,* 129 N. C., 325, 330. What the grantor said after the execution of the deed was clearly an afterthought.