## W. L. HENRY *v.* JEREMIAH RICH.

Money paid to a deputy sheriff by the defendant, on certain executions, then in such officer's hands, is by the law, at once applied to such executions; therefore, it cannot be recovered from such officer by the defendant upon a promise by him to account with him.

If such money be misapplied by the officer, it is a question betwixt him and the *plaintiffs* in the executions, only.

Submitting to a jury, issues upon points not necessarily decisive of the case, and requiring verdicts in the form of neither general nor special verdicts, is irregular.

ACTION for money, tried before *Henry, J.,* at December Special Term 1869 of BUNCOMBE Court.

The plaintiff alleged, that whilst the defendant, as Deputy Sheriff, had in his hands executions against him, amounting to more than $420, he had paid him $420, to be applied to these, and that defendant promised, that if not so applied, he would return it; and set forth in his complaint, a receipt signed by the defendant, dated 13th September 1862, as follows: "Received of William L. Henry, Four Hundred and twenty Dollars, on judgments in my hands against him;"

HENRY *v.* RICH.

also, that he had not so applied it, and had refused to return it. After an answer had been filed, and the parties were at issue, certain issues were submitted to a jury: "1. Did J. Rich give the receipt? 2. Did he fail to apply the money as alleged? 3. Did he promise to pay back the money? 4. If not, what promise was made?"

The jury found in the affirmative of no.'s 1. and 2., in the negative of 3.; and, 4., " that he promised to account for it," and " left the judgment to the Court."

Thereupon, his Honor gave judgment for the plaintiff, and the defendant appealed.

*Phillips & Merrimon,* for the appellant.

So soon as the deputy sheriff collected the money, *the law applied it* to the process in his hands, in proportions to be ascertained afterwards; the plaintiff is protected from any second payment of it to the plaintiff in that process: *White* v. *Miller,* 3 D. and B. 55; *Lytle* v. *Wilson,* 4 Ire. 226; *Hampton* v. *Brown,* 13 Ib. 18; *Brooks* v. *Gibbs,* 2 Jon. 326. *Tarkinton* v. *Howell,* 5 Ire. 357, is distinguishable, *there* was a surplus after satisfying the execution.

*Battle & Sons, contra.*

It is apparent, that the defendant, when he received the $420, had executions in his hands against Henry, to a larger amount. Therefore, he was *Henry's* agent to apply the money; and not having done this, he is responsible. His holding Henry's money is a sufficient *consideration* for his promise to account with him: *Wheatley* v. *Law,* Cro. Jac. 668; *Robinson* v. *Threadgill,* 13 Ire. 39; Com. Dig. Ass., B. 10, Metcalf, on Cont. 164, 5.

READE, J. If the facts were as alleged by the plaintiff, or as found by the jury, the plaintiff is not entitled to recover.

If the defendant, as deputy sheriff, had executions in his hands against the plaintiff, to the amount of $420, he was entitled to collect the amount out of the plaintiff, and it was the duty of the plaintiff to pay it, and the moment he did pay it, it was in contemplation of law applied to the satisfaction of the executions.

When the plaintiffs in the executions attempted, as they have done, to renew the executions against the present plaintiff it was his right to rely upon the payment to the sheriff: and he may do so now, if by his laches he has not lost the opoortunity.

We observe that the facts in the case were not submitted to the jury, either for their general or special verdict, but only certain issues which were not necessarily decisive of the case, and upon the finding of the jury upon these issues, his Honor gave judgment for the plaintiff. The practice is new, and irregular: C. C. P. sec. 233.

There is error.

PER CURIAM.　　　　　　　　　*Venire de novo.*