### R. D. JOHNSTON v. G. D. PATE.

*Complaint in Ejectment—Frivolous Pleading.*

1.  A complaint in an action to recover land which alleges that the plaintiff is the owner in fee, describes the same by metes and bounds, and alleges that the defendant wrongfully withholds possession, concluding with a demand for judgment for the possession, for damages for withholding the same and for costs, is amply sufficient under the code.

2.  A demurrer to such complaint, assigning for cause : (1) A failure of the plaintiff to set forth his claim of title, or (2) to allege an ouster by defendant, or (3) to aver a demand for possession and damages before action brought, or (4) to allege a notice to quit before suit entered, or (5) to assert a possession in the plaintiff or those under whom he claims within twenty years before the action was instituted, raises no serious question of law, and should be overruled as frivolous.

(*Swepson* v. *Harvey*, 66 N. C., 436 ; *Erwin* v. *Lowery*, 64 N. C., 321, cited and approved.)

CIVIL ACTION to recover Land, tried at Fall Term, 1879, of CRAVEN Superior Court, before *Avery, J.*

: The case was heard upon issues of law raised by demurrer to the complaint. Demurrer overruled, judgment for plaintiff, appeal by defendant.

*Messrs. A. G. Hubbard* and *W. B. Rodman,* for plaintiff.
*Mr. W. J. Clarke,* for defendant.                        .

ASHE, J. The complaint is in the usual form, alleging that the plaintiff was the owner in fee simple of the land

which is specifically described by metes and bounds, and that the defendant wrongfully withholds the possession of the land from the plaintiff; and a demand for judgment for the possession of the premises and for damages for withholding the same and for costs.

The causes of demurrer assigned are that the complaint is vague, uncertain and insufficient, in that,

1. It merely alleges generally that the plaintiff is owner of two certain described tracts of land and that the defendant wrongfully withholds the possession of said lands from the plaintiff, but fails to set forth the plaintiff's title thereto, so as to inform the defendant thereof, that he may admit the same or traverse the allegation.

2. The complaint fails to allege ouster of plaintiff by defendant.

3. The complaint fails to allege a demand by the plaintiff for possession or a demand for the damages claimed before this action was commenced.

4. The complaint fails to allege a notice to the defendant to quit and surrender to the plaintiff the possession of the premises before the action was brought.

5. Plaintiff fails to allege possession by himself or those under whom he claims, within twenty years before the action was brought.

His Honor overruled the demurrer, and holding it to be frivolous rendered judgment in favor of the plaintiff for the land in dispute, and ordered a writ of possession to be issued, but retained the action upon the civil issue docket until a jury could be impaneled to inquire and ascertain what was plaintiff's damages for the unlawful detention of the land or for rents and profits.

No one of the causes of demurrer can be sustained: The first cannot, because the complaint is in the usual form used and approved by the courts of this state ever since the adoption of the code of civil procedure, and is in strict conform-

ity to the precedents established and followed by the courts of New York from which we have derived our code. The second, third and fourth cannot, because there is nothing in the complaint showing that this was one of the cases where an ouster was necessary to be proved, or a demand for possession made, or notice given to quit, before action brought. Questions of this nature usually arise on the trial as matters of defence. Nor can the fifth be sustained, for it is not necessary that a plaintiff in an action to recover land should allege in his complaint that he had possession within twenty years before action brought. For if he establishes on the trial a legal title to the premises, he will be presumed to have been possessed thereof within the time required by law, unless it is made to appear that such premises have been held and possessed adversely to such legal title for the time prescribed by law before the commencement of such action. C. C. P., ch. 17, § 25. (Bat. Rev.)

We have not been able to discover anything in the demurrer worthy of the serious consideration of this court, and we must therefore hold it to be frivolous. *Swepson* v. *Harvey*, 66 N. C., 436; *Irwin* v. *Lowery*, 64 N. C., 321. The demurrer was properly overruled by the court below, and being frivolous and for the purpose of delay, the judgment rendered was not erroneous.

The judgment of the court below is therefore affirmed, and the case is remanded that the damages sustained by the plaintiff by reason of the detention and occupation of the land by the defendant, may be ascertained by a jury. Let this be certified to the superior court of Craven county that further proceedings may be had in conformity to this opinion and the law.

No error.                                    Affirmed.