A. B. DAVIDSON v. ANN GIFFORD and others.

*Issues—Ejectment—Admissions of Counsel.*

1. When, in an action of ejectment, it is alleged in the complaint " that plaintiff was the owner" and " entitled to the possession" of the land in controversy, and the defendant, in his answer, denies each of these allegations, and sets up new matter as a defence ; *Held*, to be error to refuse to submit the issues raised by the allegations of the complaint, and to only submit those issues arising on the new matter set up in the answer.

2. When the complaint in ejectment does not set up any particular evidence of title in plaintiff, or that plaintiff claims under any specified title, the plaintiff is. at liberty, on the trial, to prove title in himself, in any way he can, allowed by law.

3. The material issues of fact, *raised by the pleadings*, must be submitted, unless it appears to the Court that this right is waived by the parties.

4. When the pleadings are so framed as to present the case of either party in more than one aspect, as to the evidence that may be 'produced, the issues should not be so framed as to exclude any pertinent evidence affecting the merits, but should be so shaped as to embrace the whole of the material allegations controverted. This may be insisted upon, *as of right*, by either party to the action.

5. Merely casual, hasty, inconsiderate admissions of counsel, in the course of a trial, do not bind his client, and evidence of such admissions should be excluded. This is so, although the client was present when the admissions were made, and did not correct his counsel, or disclaim his authority.

CIVIL ACTION, tried before *MacRae, J.,* and a jury, at the Fall Term, 1887, of MECKLENBURG Superior Court.

There was a verdict and judgment in favor of the defendants. Plaintiff appealed.

The facts are set out in the opinion of the Court.

*Messrs. W. P. Bynum* and *C. N. Tillett,* for the plaintiff.
*Mr. P. D. Walker,* for the defendants.

MERRIMON, J. The plaintiff alleged in the complaint, simply, that he was the owner and entitled to the possession of the land described therein; that the defendants were in possession thereof, and wrongfully withheld possession from him; that the rental value of the property was $300, and the defendant Gifford had had such wrongful possession ever since November, 1878, and received the rents, &c.

The answer of the defendants broadly and specifically denied the several allegations of the complaint, except that alleging possession of the defendants, but it was alleged, as to it, that their possession was lawful; and it was further alleged in the answer, as matter of defence, that the plaintiff claimed title, by virtue of a mortgage from the defendant Ann Gifford executed to the Charlotte Building and Loan Association of Charlotte, North Carolina; and also, a mortgage of the land executed to him by her co-defendant Steinhouse, who fraudulently obtained a deed from her for the land before he executed the last mentioned mortgage, and the plaintiff had notice of such fraud, and of her right in equity to have the deed, so executed by her to her co-defendant, declared void for fraud, &c.

At the trial, the plaintiff tendered, and asked the Court to submit to the jury issues, whereof the following is a copy:

" 1. Is the plaintiff the owner of the property mentioned in the complaint, and entitled to the immediate possession thereof?

2. Do the defendants unlawfully withhold the possession thereof?

3. What damages, if any, has the plaintiff sustained?"

The Court declined to do so, and this refusal is assigned as error.

The plaintiff objecting, the Court submitted to the jury issues, whereof the following is a copy:

"1. Was the deed from the defendant Ann Gifford to de-

fendant J. E. Steinhouse, obtained by fraud, surprise, or undue influence over her on the part of the said Steinhouse?

2. Did the plaintiff, A. B. Davidson, purchase the land in controversy for value, and without notice of the equity of said Ann Gifford?

3. Did the defendant Ann Gifford have notice of the sale under the mortgage from her to the Mechanics' Building and Loan Association?

4. Did plaintiff take an assignment of the note and mortgage given by Ann Gifford to the Mechanics' Building and Loan Association, and did he afterwards sell the land, or cause the same to be sold, under said mortgage, and buy the same at said sale?"

The submission of these issues is assigned as error.   The Court seems to have rejected the issues tendered by the plaintiff, on the ground, that the state of the pleadings not only did not raise them, but rendered them wholly nugatory.   In this view, we cannot concur; on the contrary, they were, in our judgment, the principal issues raised by the pleadings, and the plaintiff had the right to have them submitted, granting that those submitted were not improper, though not really necessary, as they were incidental and collateral to the principal ones.

The plaintiff did not allege, in the complaint, any particular evidence of title in himself to the land in question, nor did he allege that he claimed title thereto by virtue of any particular claim of title, or title deeds specified, and more particularly, he did not allege that he claimed title by virtue of the deed, which the defendant Gifford alleges her co-defendant obtained from her by fraudulent practices, of which, she alleges, the plaintiff had notice, nor by the mortgage she executed to the Loan Association mentioned.   He was, therefore, at liberty, on the trial, to prove title in himself, in any way he could, allowed by law.   If he could not prove title in himself by the mortgages and other deeds, the validity of

which was questioned on the trial, he had the right, under the pleadings, to give any other evidence of such title within his power, and, moreover, he would have had the right, under the issues tendered by him, to prove that the defendant Gifford ratified and confirmed the deed, which she alleged her co-defendant fraudulently obtained from her. No one of the issues raised any question in this respect, although there was some evidence of such ratification, which was not called to the attention of the jury, by the Court in its instructions to them, for the reason, no doubt, that it was not pertinent to the issues submitted.

There is nothing in the record which shows that the plaintiff consented at all, that his title depended altogether upon the deeds specified in the defendant's answer, and put in question by the issues submitted. On the contrary, it appears that he insisted that the principal issues, plainly raised by the pleadings, should be submitted to the jury, so that he could give any evidence of title he might be able to give.

The defendants did not admit in their answer that the plaintiff had title, unless they could avoid and overthrow his apparent title. On the contrary, they broadly denied that he had any title, and then, as a particular, specific defence, alleged the matter already adverted to, which, if sustained, was not conclusive against the plaintiff's title, nor did it prevent him from showing title otherwise, and from other sources, nor from proving that the defendant ratified, and was thus bound by, the alleged fraudulent deed, already referred to. The issues raised by the special defence pleaded, were subordinate and collateral to the principal ones raised by the general defence, and they did not exclude, supersede, or necessarily conclude inquiries pertinent, raised by the principal issues; indeed, they involved but a single aspect of the case, which was not, in view of the pleadings, conclusive of the whole case. It is not sufficient to say, that the plaintiff put in evidence only the deeds questioned by the

answers. These deeds, and only these deeds, in certain aspects of them, were put in question by the issues submitted, and they, and not other evidence of title, were pertinent. If the principal issues raised by the pleadings had been submitted, it may be that the plaintiff would have produced other evidence, competent and pertinent, to prove his alleged title. It may be that the deeds litigated were the only evidence of title in himself that the plaintiff could produce, but it does not so appear from the pleadings, or in the record, by admission or otherwise, and we can only see and apply the law to the case as it appears in the record.

The material issues of fact raised by the pleadings must be submitted to the jury, unless, in some way, to be seen by the Court, the right of a party, in this respect, shall be waived. This is essential to a proper determination of the action, particularly in respect to the matters of fact therein. *Porter* v. *The Railroad,* 97 N. C., 66.

When the pleadings are so framed and directed as to present the case, on the part of the plaintiff or the defendant, in more than one aspect as to the evidence that may be produced on either side, the issues of fact should not be so framed—narrowed in their scope and application—as to exclude any relative pertinent evidence, affecting the merits of the cause of action, or the defence alleged; they should be so shaped as to embrace the whole—not simply a part—of the material allegations controverted, and put at issue by the pleadings. While, perhaps, it may, in some cases, be convenient to submit issues incident and subordinate to, and embraced by, the principal ones raised, the latter, as we have already said, should always be submitted to the jury, unless they shall be waived, because the trial of them is necessary to settle and conclude all the material controverted allegations of the pleadings; and this may be insisted upon, as of right, by either party to the action. *Henry* v. *Rich,* 64 N. C., 379;

*McElwee* v. *Blackwell*, 82 N. C., 345; *Porter* v. *The Railroad*, 97 N. C., 66, and the cases there cited.

The defendant Gifford was examined as a witness in her own behalf on the trial, and stated, that she was present and examined on a former trial; that the plaintiff was then present sitting behind his counsel, and he was then examined as a witness. Her counsel then put to her this question: "What was admitted by the counsel of plaintiff on the other trial?" She answered, "It was admitted by counsel that I did not have time to think before signing the paper." The plaintiff objected to the question and answer. The objection was overruled, and this is assigned as error.

It is not denied that the evidence objected to was material, if competent. We think it was incompetent, and ought to have been excluded. Exactly in what connection, and why, the admission was made, is not stated, but it does not appear to have been a distinct, formal, solemn admission, made for the express purpose of relieving the defendant from proving on the trial the fact so admitted, or some like purpose. Such must have been the character of the admsssion, to render it competent as evidence against the plaintiff. Merely casual, hasty, inconsiderate admissions of counsel in the course of a trial, do not bind the client; they are not intended to have such effect, nor does the nature of the relation of attorney and client produce such result. And this is so, although the client be present when such inconsiderate admissions are made. It would be rude, indecorous, disorderly and confusing, if the client should interpose to correct his counsel and disclaim his authority to make such admissions. Neither the Court, counsel, nor any intelligent person expects him to do so. And for the like reason, the client, if examined as a witness, is not required to disclaim such admissions of his attorney, unless he shall be examined by the opposing party for that purpose. *Moffit* v. *Witherspoon*, 10 Ired., 185; *Guy* v. *Manuel*, 89 N. C., 83; *Reed* v. *Reed*, 93 N. C., 462; *To-*

*bacco Co.* v. *McElwee*, 96 N. C., 71; 1 Gf. Ev., § 186; Whar. on Ev., § 1184; Weeks on Attorneys, 390; *Young* v. *Wright*, 1 Comp., 138; *Pettle* v. *Lyon*, 9 Adolph and Ellis, 147.

There are numerous other assignments of error, but we need not advert to them.

The plaintiff is entitled to a *venire de novo*, and we so adjudge. Let this opinion be certified to the Superior Court according to law. It is so ordered.

Error.                                    *Venire de novo.*