HELEN CONKEY, Executrix and Devisee of Jane E. Roscoe v. JOHN
L. ROPER LUMBER CO.

(Decided May 15, 1900.)

*Tenants in Common—Adverse Possession—The Code, Sections 143 and 146 Construed Together.*

1. Where plaintiff and defendants were tenants in common, the possession of the defendants, not having been adverse for twenty years, was the possession of the plaintiff.

2. In cases where there is no tenancy in common, a plaintiff who establishes a legal title to the premises is presumed, under sec. 146 of The Code, to have been possessed thereof within the time required by law; and the defendant can not under sec. 143 shift upon such plaintiff the burden of showing that he has been in possession of the property within twenty years before suit. The two sections are to be construed together—the defendant must show that he himself has been in possession adversely for twenty years. *Johnson v. Pate*, 83 N. C., 110.

CIVIL ACTION for recovery of an undivided half interest in land, and for partition by sale, tried before *Starbuck, J.,* at Fall Term, 1899, of GATES Superior Court. There was verdict, with judgment for plaintiff. Defendant appealed. This is the second trial of the case, reported in 124 N. C., 42, and this appeal is but a rehearing upon the same evidence on the first trial under the guidance of the opinion then delivered.

*Messrs. L. L. Smith,* and *Shepherd & Shepherd,* for appellant.
*Messrs. W. M. Bond,* and *Battle & Morehead,* for appellee.

MONTGOMERY, J. This action was before this Court at February Term, 1899, on appeal of the plaintiff, and is reported in 124 N. C., 42, the plaintiff at that time being

Jane E. Roscoe. Since that time she has died, and in the court below Helen Conkey was made the present plaintiff as sole devisee of all of the lands of Jane E. Roscoe. By leave of the Court, when the case was called for trial, the plaintiff was allowed to strike out of secs. 3 and 4, of the complaint, all the lands described therein, except the "Hill tract" and the "Mills Riddick tract."

It was agreed by both sides that the damages which the plaintiff might be entitled to recover should be assessed after the issue of title had been settled. There was no change in the pleadings on the part of the newly-made plaintiff, and she adopted those which had been filed by the original plaintiff.

The claim of the plaintiff is that she is the owner as tenant in common with the defendants of a one undivided half interest in the Hill tract and the Mills Riddick tract. In support of her claim she introduced in evidence a properly certified copy, from the book of wills of Gates County Superior Court, of the will of H. E. Roscoe, in which was devised to his widow, Jane E. Roscoe, the former plaintiff, all of his property, personal, real and mixed; also from the same book of wills a certified copy of the will of Jane E. Roscoe, in which was devised all of her real estate in fee simple to her sister Helen Conkey, the plaintiff.

The plaintiff then introduced secs. 3 and 5, of the complaint, in which the plaintiff alleged that on the 1st day of January, 1853, J. R. Riddick conveyed by deed in fee simple to H. E. Roscoe and S. W. Worrell as tenants in common the said "Hill tract" and "Mills Riddick tract" of land, and that under deeds from Worrell and others the defendants have become and are now the owners of an undivided one-half interest in the lands described in the complaint; and she also introduced secs. 5 and 8, of defendant's answer, in which they admitted the executions of the deeds specified, but they

averred that in those deeds the whole estate and interest in and to the lands were conveyed to them, and not one-half only, and that the defendants are the owners of all the lands, and have entered upon the lands conveyed to them in the aforementioned deed, and have cut and are cutting timber from them. The plaintiff further introduced the deed from Riddick to H. E. Roscoe and S. W. Worrell as tenants in common, then the deed from S. W. Worrell purporting to convey the entire estate in the lands to Brady, Bond, Roberts and Wiley in fee simple, and then subsequent conveyances to the defendant company. The plaintiff then introduced testimony going to show that the lands embraced in the deeds included within its boundaries the Hill tract and the Mills Riddick tract. The defendants in the answer had made an averment that many years before the commencement of this action H. E. Roscoe had conveyed the land described in the complaint to S. W. Worrell, and that the deed after its execution and delivery had been lost and never registered. The defendants tendered no issue as to the execution of such a deed by H. E. Roscoe, nor of its loss, and did not offer any evidence to sustain such a contention. The defendants offered some evidence intended to show adverse possession of the land for such a length of time as in law would presume a grant, and also to give a title under color of the deed from Worrell. But the evidence was not sufficient to be submitted to the jury for that purpose, and on the argument here it was not contended that it was sufficient. The exception to the evidence of the probate of the will of H. E. Roscoe was abandoned here.

When the case was formerly before us, the pleadings were the same and the evidence the same, and we held that the plaintiff and the defendants were tenants in common, each owning a one undivided half interest in the lands, and for the reasons given in the opinion in that case we are of the same

opinion still. The evidence showed no evidence of an adverse possession by the defendants for twenty years, by which an ouster of the plaintiff was had.

In truth this appeal is but a rehearing of the first case, and the only marked feature of the new argument of counsel was an insistence that sec. 143, of The Code, was a plea of the statute of limitations, and that the same having been pleaded in the case, the burden of showing that the plaintiff had been in possession of the land within twenty years next preceding the commencement of the action was devolved on the plaintiff. The construction of that statute is not called for in this case for the reason, as we have said, that the plaintiff and defendants were tenants in common, and the possession of the defendants not having been adverse for twenty years was the possession of the plaintiff.

But in cases where there is no tenancy in common, sec. 143, of The Code, must be construed with sec. 146. While sec. 143 declares that no action for the recovery of real property or the possession thereof shall be maintained unless it appear that the plaintiff or those under whom he claims had been seized or possessed of the premises in question within twenty years before the commencement of the action, yet that is explained in sec. 146 by the further declaration that the person who establishes a legal title to the premises shall be presumed to have been possessed thereof within the time required by law, and the occupation of such premises by any other person shall be deemed to have been under and in subordination to the legal title unless it appear that such premises have been held and possessed adversely to such legal title for the time prescribed by law before the commencement of the action.

The pleading then by a defendant in suits for real estate of sec. 143 does not shift upon the plaintiff the burden of showing that he has been in the possession of the property

within twenty years before the commencement of the action, but the presumption created by sec. 146 can only be rebutted by proof on the part of the defendant that the defendant has been in possession adversely of the premises for twenty years.

In *Johnson v. Pate,* 83 N. C., 110, the defendant demurred to the complaint, one of the grounds being a failure on the part of the plaintiff to assert a possession in himself or in those under whom he claimed within twenty years before the action was instituted, and the Court held that the demurrer could not be sustained "for it is not necessary that a plaintiff in an action to recover land should allege in his complaint that he had possession within twenty years before action brought. For if he establishes on the trial a legal title to the premises, he will be presumed to have been possessed thereof within the time required by law, unless it is made to appear that such premises have been held and possessed adversely to such legal title for the time prescribed by law before the commencement of such action."

Affirmed.