### MILEY C. GLOVER v. UNION GUANO COMPANY.

#### (Filed 4 October, 1922.)

**Injunction—Issues of Fact—Bills and Notes—Acceptance for Cash— Innocent Holder—Due Course—Questions for Jury—Trials.**

Plaintiffs executed notes for the purchase of certain patent rights to I., and afterwards they mutually agreed to cancel them, but I. had hypothecated them with the defendant, and there was conflicting evidence in the plaintiff's application for an injunction, whether the defendant was to return the notes to I., if not accepted as a cash credit on the debt owed it by I., which had not been done, or whether the defendant was a holder for value without notice of the plaintiff's equity: *Held,* the preliminary restraining order obtained in the suit should have been continued to the final hearing for the determination of the jury of the fact at issue.

APPEAL by defendant from *Horton, J.,* at February Term, 1922, of NASH.

The defendant appealed from his Honor's judgment continuing a restraining order until the final hearing of the action.

*Finch & Vaughan and Manning & Manning for plaintiff.*
*Swink & Hutchins and Austin & Davenport for defendant.*

PER CURIAM. For the plaintiff there is evidence tending to show the following circumstances. On 1 January, 1920, I. N. Glover contracted to sell the plaintiff a patent right, and as evidence of the purchase price the plaintiff executed and delivered two promissory notes, each in the sum of $1,000, due respectively 1 January, 1922, and 1 January, 1923. Some time after the notes were executed, the parties mutually agreed that the contract between them should be canceled and the notes returned to the plaintiff. I. N. Glover, however, retained possession of the notes, and being indebted to the defendant in the sum of about $5,000, delivered them to the defendant with the understanding that they should be returned to him if not accepted as a cash credit on his indebtedness. The defendant neither accepted the notes as a credit nor returned them. On the other hand, the defendant insists that it became a holder of said notes in due course without notice of any infirmity or equity.

Plaintiff applied for and obtained an order enjoining the defendant from disposing of the said notes until the final hearing of the, action. If the contention of the plaintiff and I. N. Glover be accepted by the jury, the defendant has no right to the notes in question, but otherwise, if the contention of the defendant be accepted. In these circumstances the controversy between the parties should be referred to the jury for determination, and the alleged rights of the plaintiff protected pending the hearing. *Jones v. Jones,* 115 N. C., 209; *Hyatt v. DeHart,* 140 N. C., 270; *Tise v. Whitaker,* 144 N. C., 507; *Dunlap v. Willett,* 153 N. C., 317; *White v. Fisheries Co.,* 183 N. C., 228.

The judgment of the Superior Court is
Affirmed.