Erbach v. Brauer, 188 Wis. 312.

ERBACH and others, Respondents, vs. BRAUER, by guardian *ad litem,* Appellant.

*November 17—December 8, 1925.*

*Deeds: Delivery: Possession retained by grantor: Presumption: Infant grantee: Intention of grantor: Letter instructing recording of deed found after grantor's death: Construction: Testamentary disposition.*

1. A deed of real estate to an infant grantee, signed and sealed by the grantor and properly witnessed and acknowledged by him, which was kept by the grantor in his lock-box, and of .which the grantee or his parents knew nothing, did not pass title to the lands described therein, as a letter found with the deed, after the grantee's death, instructing the mother of the grantee to record the deed, is construed as meaning that the deed should belong to the grantee at the time it would be found in the grantor's lock-box after his death.  p. 316.
2. Continued possession of a deed by a grantor is not conclusive of a non-intention of delivery, but is strong and persuasive evidence to that effect.  p. 317.
3. The presumption of the delivery of a deed where an infant is grantee, which is much stronger than when a deed is executed to an adult, is *held* not sufficient in this case to overcome evidence showing an intention that title was not to pass until after the death of the grantor.  p. 318.

APPEAL from a judgment of the circuit court for Milwaukee county: WALTER SCHINZ, Circuit Judge. *Affirmed.*

The action is one brought by the plaintiffs, the heirs at law of Henry Erbach, deceased, against the defendant, *Roman Brauer,* to cancel, annul, and set aside a certain deed.

The evidence in the case is practically undisputed, and it appears therefrom that Henry Erbach, on the 13th day of September, 1915, was the owner of certain real estate in the Thirteenth ward of the city of Milwaukee, of the value of about $5,000; that at the time of his death, and for some period prior thereto, he occupied a part of said premises, and sublet the balance thereof to the parents of the defendant. Some time prior to the death of the deceased his health was impaired, and from that time until his death the mother of the defendant extended her aid and assistance to the deceased, both in and about the portion of the house occupied by him and in furnishing him with meals, and during that time the defendant's parents paid no rent for that portion of the premises occupied by them. The defendant, who at the time of the execution of the deed was a minor of the age of about two years, was a special favorite of the deceased.

The deed was signed and sealed by the grantor, was properly witnessed and acknowledged, and inclosed in a sealed envelope, and was then deposited by the grantor in his lockbox in the Home Savings Bank of Milwaukee, on which envelope there appeared the following in the handwriting of the deceased:

"This belong to                    Sept. 13—1915.
        "Mrs. John Brauer and Roman Brauer.
"She must open it.            HENRY ERBACH."

The envelope which contained the deed also had inclosed the following letter, written in the handwriting of the deceased:

"Dear Mrs. Clara Brauer:            Mil. Sept. 15—1915.
    "Take this Deed to the Court House and have it recorded for My Friend Roman and you take care of your Home for Him it is My Wish.
                "Your friend,
                    "HENRY ERBACH.
                        "Denket an Mich."

The three last words under the signature are in the German language, and the translation is as follows: "Think of me." The deceased alone had access to this lock-box, and it could be opened only by means of his key and that of the master key, in the possession of the bank. No one but the witnesses, up to the time of the deceased's death, had any knowledge of the execution of the deed. Shortly after the death of the deceased the lock-box was opened in the presence of *Philip Erbach,* one of the plaintiffs, Mr. Wells, the president of the bank, and Clara Brauer, the mother of the defendant, and the deed contained in the envelope was taken by Mrs. Brauer and recorded.

The trial court found, among other things:

"That the quitclaim deed from Henry Erbach to *Roman Brauer* on the 13th day of September, 1915, conveying the premises described in the complaint, is null and void for want of delivery thereof, and that no title to said premises passed to the defendant by reason of said deed."

Judgment was therefore entered as above indicated, and from such judgment the defendant has prosecuted this appeal.

For the appellant there was a brief by *J. O. Carbys,* guardian *ad litem,* and *Carbys & Kenney,* of counsel, all of Milwaukee, and oral argument by *J. O. Carbys.*

For the respondents the cause was submitted on the brief of *Friedrich & Hackbarth* of Milwaukee.

DOERFLER, J. The sole issue involved herein consists of whether or not there was a delivery of this deed. Defendant's counsel take the position that the writings on the envelope and in the letter clearly establish an intention on the part of the deceased of a delivery of the deed at the time of its execution. Plaintiffs' counsel, however, argue that these writings do not manifest an intention as to delivery as of the date of the execution of the instrument, but that they

become operative and speak as of the time of the death of the deceased, and are therefore in the nature of a testamentary disposition. The authorities seem to hold that whether or not there was a delivery is clearly a question of intention, so that if these writings can be construed as a present intention of delivery as of the date of the deed a delivery has resulted, even though no manual delivery was effected and the deed itself at all times up to the death of the deceased remained in the actual possession of the grantor.

We are of the opinion that the law upon the subject is properly set forth in 2 Tiffany, Real Prop. § 461, where it is said:

"The crude conception of a manual transfer of the instrument as the only means of making it legally effective, which gave birth to the expression 'delivery' as used in this connection, has been superseded by the more enlightened view that whether an instrument has been delivered is a question of intention merely, there being a sufficient delivery if an intention appears that it shall be legally operative, however this intention may be indicated."

This court, in *Bogie v. Bogie,* 35 Wis. 659, in an opinion rendered by Mr. Chief Justice RYAN, quotes with approval the following from 1 Coke Litt. 36a: "As a deed may be delivered to the party without words, so may a deed be delivered by words without any act of delivery."

In the case of *Cooper v. Jackson,* 4 Wis. 537, 550, cited in the brief of counsel for the defendant, this court cites with approval the following language, used in the opinion in the case of *Doe ex dem. Garnons v. Knight,* 5 Barn. & Cress. 671:

"That when a party to any instrument seals it, and declares in the presence of a witness that he delivers it as his deed, but keeps it in his possession, and there is nothing to qualify that, or to show that the executing party did not intend it to operate immediately, except the keeping the

deed in his hands, it is a valid and effectual delivery; and delivery to the party who is to take the deed, or to any person for his use, is not essential."

Bearing in mind the law as it appears from the foregoing citations of authority and opinions, we will now endeavor to determine whether under the facts and circumstances of this case a delivery has resulted. The deed was executed in the presence of a notary, who acted as a witness, and the other subscribing witness. No one but the subscribing witnesses ever knew or heard of either the execution or the existence of the deed. The deed itself contains no language expressive of a delivery or of an intention of delivery. There is no evidence in the record that at the time of the execution of the deed any oral statement was made by the grantor from which a delivery or an intention of delivery could be presumed. Neither the grantee named in the deed, nor his parents, had any information, prior to the grantor's death, of this deed. The first intimation that they received of the existence of the deed came to them when the lock-box was opened after the grantor's death. Furthermore, the deed remained in the sole possession of the grantor from the time of its execution to the time of his death, in his lock-box, to which no one had access but himself. With these facts in mind, there appears not the slightest evidence from which it can be inferred or said that an intention of delivery was shown as of the date of the execution of the instrument; on the contrary, it appears quite conclusive to us that there was no delivery.

While the writing on the outside of the envelope was dated September 13, 1915, does it speak of that date or of the date when it shall be found in his lock-box after his death? This writing, in the light of all the evidence, and particularly in view of the grantor's continued possession not only of the deed but of the property, and his failure to orally or in writing express an intention of delivery as of the date of the execution of the deed, and his failure to

notify or inform any one but the witnesses that the deed had been executed, is not only persuasive to our minds, but conclusive as a matter of law, that the grantor intended the deed to become effective only after his death.

This case is not ruled by the *Cooper Case, supra,* for there was no declaration in the presence of a witness or witnesses that he delivered the deed as his deed. It does not come under the language used in the quotation from Tiffany, because there was no intention expressed, either orally or in writing, that it shall become legally operative. Nor does it come within the purview of the language above quoted of Mr. Chief Justice RYAN, taken from Coke Litt., as there were neither words nor acts indicating a delivery, nor was there a manual delivery. So that the language on the envelope must be construed as meaning that the deed shall belong to the parties therein indicated at the time when the deed shall be found in the lock-box, after the grantor's death. To our minds, the letter, instead of evidencing an intention of a present delivery as of its date, shows a contrary intention, for in it he directs the mother of the defendant to take the deed and have it recorded, and also directs her to take care of the home for the defendant. Here also must be borne in mind all of the evidence referred to in that part of this opinion where we construe the writing on the envelope. It was after the death of the deceased that the grantor intended that a constructive delivery should take place, and at such time and no other was the mother directed to take care of the home for the defendant.

While the continued possession of the deed by the grantor is not conclusive of a non-intention of delivery, it is nevertheless of strong and persuasive evidentiary value in many instances. From the time of the execution of the deed up to the time of the grantor's death he occupied the property and had the use thereof. During all this time he could have destroyed the deed, which, however, had there been a delivery, would not have affected the title. It must also be

conceded that if there had been words used evidencing a present delivery, even though the grantee or his parents had no knowledge thereof, the destruction of the deed would not have affected the title, and such destruction would constitute both a legal and a moral wrong against the grantee.

It is claimed by the learned counsel for the defendant that the presumption of delivery, where an infant is a grantee, is much stronger than where a deed is executed to an adult. This undoubtedly is the law. He cites 8 Ruling Case Law, pp. 1010, 1011, § 70. A quotation from this last authority is set forth in defendant's brief, and in it will be found the following:

"The current of decisions has gone far to enable the courts to carry out the intention of the donor and to protect the rights of the donee, but they have never presumed delivery without some evidence that it was the intention of the donor, and probably no case can be found warranting the conclusion that a delivery has been made merely because the grantor has signed and sealed the instrument, without any further circumstance indicative of his intention."

In our opinion the case before us is much stronger for the plaintiffs than a case where a deed is executed to an infant, and where the deed is retained in the possession of the grantor until the time of his death, and where there is nothing to indicate an intention to pass present title; for, as we construe the evidence in this case, an intention of present delivery was not only not expressed, but, on the contrary, an intention in the nature of a testamentary disposition, to the effect that the title was not to pass until after the death of the deceased, was expressed.

It would be useless to review all of the cases decided by this court, or a considerable number of them, where the question of delivery was raised, for each case must stand or fall upon its own facts.

*By the Court.*—The judgment of the lower court is affirmed.