NANNIE DAVIS BARNES v. NETTIE AYCOCK; GLADYS AYCOCK HARE AND HUSBAND, ALBERT HARE; W. A. LUCAS AND WIFE, MAMIE LUCAS; W. A. LUCAS, TRUSTEE; BRANCH BANKING & TRUST COMPANY, TRUSTEE; W. A. LUCAS, EXECUTOR; BRANCH BANKING & TRUST COMPANY, EXECUTOR; MARJORIE BARNES; ED DAVIS AND WIFE, FLOSSIE E. DAVIS; FRED DAVIS AND WIFE, MATTIE DAVIS; THURMAN DAVIS AND WIFE, BERNICE DAVIS; LILLIAN BLALOCK AND HUSBAND, PAUL C. BLALOCK; BESSIE DAVIS DANIEL; NETTIE DAVIS BARNES; RENA DAVIS PEEDIN AND HUSBAND, C. B. PEEDIN; JOSEPHINE DAVIS SMITH AND HUSBAND, BRAXTON SMITH; BETTIE DAVIS PENNINGTON AND HUSBAND, CASH PENNINGTON; CAREY DAVIS CRAWFORD AND HUSBAND, WILL CRAWFORD; BERTHA DAVIS; ANNIE AYCOCK DANIEL AND HUSBAND, RICHARD DANIEL, AND MARGARET DAVIS.

(Filed 26 March, 1941.)

**1. Deeds § 5—**

Delivery of a deed is necessary to pass title, and to constitute delivery there must be a parting with the possession of the deed and with all power and control over it by the grantor, for the benefit of the grantee at the time of delivery.

**2. Same—Evidence held insufficient to show delivery of deed.**

Evidence that the deed in question was placed by the grantor in his Bible on the dresser in his bedroom, that he told the witness, the daughter of the grantee, where he was putting the deed and to tell the grantee where it was and to have it recorded, but that this message was undelivered and that the deed remained in the Bible and never came into the possession of the grantee or anyone for her, *is held* insufficient to show a delivery necessary to complete the conveyance.

**3. Lost or Destroyed Instruments §§ 1, 3—**

In an action to establish a lost deed the burden is upon plaintiff to show delivery necessary to complete the conveyance, and upon failure of evidence of delivery, defendant's motion to nonsuit should have been allowed.

APPEAL by defendants from *Carr, J.,* at October Term, 1940, of WAYNE. Reversed.

Action to set up a lost deed. Issues were submitted to the jury and answered in favor of the plaintiff. From judgment on the verdict defendants appealed.

*Paul B. Edmundson for plaintiff, appellee.*
*Finch, Rand & Finch and W. A. Dees for defendants, appellants.*

DEVIN, J. The only question raised by this appeal relates to the delivery of the deed. The defendants concede that there was evidence of the execution and acknowledgment of the deed by the grantor, but

deny that there was sufficient evidence of delivery to operate as a transfer of the legal title to the plaintiff. The deed was lost and never recorded. Defendants' only exception is to the denial of their motion for judgment of nonsuit.

The material facts were these: In 1937, the grantor, J. T. Aycock, had his attorney prepare two deeds, one to J. T. Aycock for the land in question from Mewborn, Trustee (which was duly executed), and the other from J. T. Aycock and wife to the plaintiff, who was his niece. J. T. Aycock died July 1, 1939. Three or four months prior to his death he and his wife acknowledged the execution of a deed, presumably that to the plaintiff, before a notary public. Marjorie Barnes, daughter of the plaintiff, testified as follows: "About two weeks before he (J. T. Aycock) died, he showed me two deeds. He said, 'Marjorie, one is one I got for the Calvin Aycock place, and the other one is the one I have made to your mother, and I am putting them in the Bible, and I want you to be sure and remember where they are, and tell her to have them recorded.' I saw him put these two in the Bible. Q. Did he give the Bible to you or did he put it away himself? A. No, the Bible stayed on the dresser ever since I could remember, never was moved unless someone was reading it. Q. Is that where he left it after he put the deeds in it? A. Yes, sir. Q. You didn't take hold of the Bible? A. No." There was no evidence that Marjorie Barnes told the plaintiff of her conversation with the grantor, or that plaintiff ever saw or had possession of the deed. There was evidence that another witness saw the two deeds in the Bible four or five days before his death. At that time he was sick and unable to get up. He was paralyzed immediately preceding his death. There was other evidence that J. T. Aycock had expressed his intention of giving the land to the plaintiff and had permitted her to have control of it. After the death of J. T. Aycock the deed from Mewborn, Trustee, was found in the Bible, but the deed to the plaintiff was not there and was never found.

It is elementary that in order to effectuate the present transfer of the legal title to land there must be an instrument in writing to that effect, signed, sealed, and delivered. In this case there was evidence that the instrument under which plaintiff claims was written in proper form, and that it was signed, and presumably sealed, by the grantor. There was evidence of his intention to convey the land to the plaintiff. Was there a constructive delivery of the deed so as to vest the title in the plaintiff?

In the leading case of *Tarlton v. Griggs,* 131 N. C., 216, 42 S. E., 591, it was said: "There must be an intention of the grantor to pass the deed from his possession and beyond his control, and he must actually do so with intent that it shall be taken by the grantee or by someone for him. Both the intent and act are necessary to a valid delivery." Said *Daniel,*

*J.*, in *Baldwin v. Maultsby,* 27 N. C., 505: "The delivery of a deed, a transmutation of the possession, is an essential ceremony to the complete execution of it."

This rule has been steadily adhered to by this Court. *Perry v. Hackney,* 142 N. C., 368, 55 S. E., 289; *Fortune v. Hunt,* 149 N. C., 358, 63 S. E., 82; *Gaylord v. Gaylord,* 150 N. C., 222, 63 S. E., 1028; *Dunlap v. Willett,* 153 N. C., 317, 69 S. E., 222; *Weaver v. Weaver,* 159 N. C., 18, 74 S. E., 610; *Carroll v. Smith,* 163 N. C., 204, 79 S. E., 497; *Buchanan v. Clark,* 164 N. C., 56, 80 S. E., 424; *Foy v. Stephens,* 168 N. C., 438, 84 S. E., 758; *Lee v. Parker,* 171 N. C., 144, 88 S. E., 217; *Gillespie v. Gillespie,* 187 N. C., 40, 120 S. E., 822; *Thomas v. Conyers,* 198 N. C., 229, 151 S. E., 270; *Ins. Co. v. Cordon,* 208 N. C., 723, 182 S. E., 496.

In the last case in which this question was considered, *Ins. Co. v. Cordon, supra, Clarkson, J.,* speaking for the Court, quoted from *Gillespie v. Gillespie, supra,* as follows: "Both the delivery of the instrument and the intention to deliver it are necessary to a transmutation of title." To the same effect is the holding in the recent case of *Orris v. Whipple,* 224 Iowa, 1157.

The effect of these decisions is to establish the rule that to constitute delivery there must be a parting with the possession of the deed and with all power and control over it by the grantor for the benefit of the grantee at the time of delivery. *Phillips v. Houston,* 50 N. C., 302; *Tate v. Tate,* 21 N. C., 22; *Robbins v. Rascoe,* 120 N. C., 79, 26 S. E., 807. To constitute delivery the papers must be put out of possession of the maker. *Hall v. Harris,* 40 N. C., 303.

Applying these principles of law to the facts appearing in the record here, we reach the conclusion that the evidence fails to show delivery. The deed was placed by the grantor in his Bible on the dresser in his bedroom. He told the witness, whose testimony constitutes the sole evidence on the point, where he was putting the deed, and to tell the plaintiff where it was and to have it recorded. This message was undelivered. The deed never came into the possession of the plaintiff or anyone for her. It remained in the grantor's own receptacle and under his control. There was a failure to show a parting with the possession of the deed by the grantor, or with all power and control over it, so as to operate as a delivery, necessary to complete the conveyance. The burden was on the plaintiff to show delivery. It was said in the case of *Moore v. Collins,* 15 N. C., 384: "The words (spoken by the grantor) must amount to an authority or license, in the person addressed, to take possession of the deed, and a reception of the instrument by the person spoken unto must follow the speaking of the words."

In the case of *Erbach v. Brauer,* 188 Wis., 312, cited by the plaintiff, there are expressions tending to support the view that whether a deed has been delivered is a question of intention merely, and that, if an intention appears that it shall be legally operative, there would be a sufficient delivery. This is not in accord with the decisions in this jurisdiction. And, upon an examination of the facts in the Wisconsin case, it will be noted that there the deed was signed and acknowledged by the grantor and placed in an envelope in his box in the bank. On the envelope was written by the grantor, "This belongs to Mrs. John Brauer and Roman Brauer. She must open it." The Court held this did not constitute a delivery and the deed was set aside. In 129 A. L. R., 11, will be found collected annotations of numerous decisions on this point.

Defendant's motion for judgment of nonsuit, on the ground that there was no evidence of delivery sufficient to warrant submission of the case to the jury, should have been allowed.

The judgment of the Superior Court must be

Reversed.