ЭFFIE ELLIOTT, ED ELLIOTT AND PARTHENIA ELLIOTT v. JULIA
    ANN McCALL GOSS, ADMINISTRATRIX OF SAM McCALL, DECEASED, AND
    INDIVIDUALLY; MAGGIE McCALL BALDWIN, GEORGIANA McCALL
    ALLSBROOK AND HENRY McCALL.

(Filed 29 April, 1959.)

**1.  Limitation of Actions § 15—**

The defense of the statute of limitations must be raised by answer
and cannot be interposed by demurrer.

**2.  Limitation of Actions § 5b—**

The statute of limitations does not begin to run against an action to
reform a deed for fraud until the facts constituting the fraud are known
or should have been discovered in the exercise of due diligence, G.S.
1-52(9), and since the statute is not a condition annexed to the cause
of action, the bar of the statute can be raised only by answer.

**3.  Limitation of Actions § 5a—**

The mere registration of a deed, standing alone, will not start the
statute of limitations running against an action for reformation.

**4.  Adverse Possession § 20:     Ejectment § 7—**

In an action for the recovery of possession of realty, the failure of
the complaint to allege that plaintiffs had been seized and possessed
of the premises at some time within twenty years prior to the institu-
tion of the action is not ground for demurrer, since G.S. 1-39 and G.S.
1-42 must be construed together, so that upon proof of title in plaintiffs
the possession of others, in the absence of proof that it was adverse,
will be presumed to be under the legal title.

**5.  Deeds § 7—**

Both delivery of the deed and intention to deliver are necessary to
a transmission of title, and when grantors retain possession under agree-
ment that they should hold the instrument until payment of the balance
of the purchase price, and the grantee dies before the purchase price
is fully paid and the deed delivered, there is no delivery to the grantee
and no title can pass to him.

**6.  Reformation of Instruments §§ 6, 7—  Equity will not reform deed
    by inserting as grantee a person who had died prior to the delivery
    of the deed.**

Plaintiffs alleged that deed was executed to their ancestor but that
grantors retained possession thereof under an agreement to hold the
instrument until the balance of the purchase price was paid, that the
ancestor died prior to payment of the full purchase price, that there-
after the grantee's widow and her second husband paid the balance of
the purchase price, had the deed delivered to them, and, after substi-
tuting the name of the second husband as grantee, had the deed regis-
tered. Plaintiffs prayed that the deed be reformed by inserting the name
of their ancestor as grantee. *Held:* The complaint fails to state a cause
of action for reformation, since, the ancestor having died prior to de-
livery, no title could pass to him under the instrument. Further, upon

a proper statement of the cause of action in plaintiffs' favor, the original grantor or his heirs should be made parties.

**7. Pleadings § 20½—**

An action should not be dismissed upon demurrer when the complaint states a good cause of action in a defective manner, since plaintiffs' are entitled to move for leave to amend, if so advised. G.S. 1-131.

APPEAL by plaintiffs from *Johnston, J.,* January 1959 Term of MOORE.

This action was instituted by the issuance of summons and filing of complaint. Defendants in apt time demurred.

The allegations of the complaint are in substance as follows:

The plaintiffs are heirs at law of William Elliott, who died 5 October, 1918. About 6 March, 1916, William Elliott bargained with one R. S. Boger for the purchase of a tract of land in McNeill Township, Moore County, at an agreed price. On said date R. S. Boger and wife executed a deed of bargain and sale with general covenants and warranties to William Elliott for said land, acknowledged the execution of same before a Notary Public, and agreed with William Elliott to withhold delivery of the deed until the full purchase price had been paid. At the time of the death of William Elliott there was an unpaid balance of $23 on the purchase price. Thereafter, the widow of William Elliott, step-mother of plaintiffs, married Sam McCall. In 1921 she and McCall paid the $23 balance and the deed was delivered to her. Sam McCall altered the deed so as to substitute his name for that of William Elliott as grantee in the deed. The deed, as altered, was filed for record on 19 December, 1921, and recorded in Book 81, at page 477, Moore County Registry. Sam McCall died 17 April, 1957. The defendants are his heirs at law and the administratrix of his estate. The substitution of McCall's name for that of Elliott was not discovered until after McCall's death when his heirs took possession of the land. Plaintiffs pray that the deed be reformed so as to name William Elliott as grantee therein and for the possession of the land.

From judgment sustaining the defendants' demurrer to the complaint and dismissing the action, plaintiffs appealed.

*Johnson & Johnson and Barrett & Wilson for plaintiffs, appellants.*
*E. J. Burns for defendants, appellees.*

MOORE, J.   The defendants set up three causes for demurrer: (1) that the complaint shows on its face that the alleged cause of action to correct and reform the deed for fraud on the part of Sam McCall

is barred by the applicable statute of limitations; (2) that the complaint does not allege that plaintiffs have been in possession of the land within the twenty years immediately preceding the institution of the action; and (3) that the complaint does not state facts sufficient to constitute a cause of action.

The bar of a statute of limitations must be raised by answer and is not a proper subject of demurrer. *Stamey v. Membership Corp.,* 249 N.C. 90, 96, 105 S.E. 2d 282, and cases there cited.

"The rule is that unless statutes of limitations are annexed to the cause of action itself, the bar of limitation must be specifically pleaded in order to be available as a defense and may not be raised by demurrer." *Batchelor v. Mitchell,* 238 N.C. 351, 356, 78 S.E. 2d 240; *Motor Co. v. Credit Co.,* 219 N.C. 199, 202, 13 S.E. 2d 230. Lapse of time does not discharge liability. It merely bars recovery. *Ins. Co. v. Motor Lines,* 225 N.C. 588, 591, 35 S.E. 2d 879.

Furthermore, a cause of action for fraud does not accrue and the statute of limitations (G.S. 1-52, subsection 9) does not begin to run until the facts constituting the fraud are known or should have been discovered in the exercise of due diligence, and the mere registration of a deed, standing alone, will not be imputed for constructive notice. *Vail v. Vail,* 233 N.C. 109, 116, 63 S.E. 2d 202; *Lowery v. Wilson,* 214 N.C. 800, 802, 200 S.E. 2d 861. G.S. 1-52, subsection 9, is not annexed to the cause of action in this case. The bar thereof may only be raised by answer.

But the defendants contend that the failure of plaintiffs to allege that they were seized or possessed of the premises in question within twenty years before the commencement of the action is ground for sustaining the demurrer. G.S. 1-39.

In *Washington v. McLawhorn,* 237 N.C. 449, 75 S.E. 2d 402, plaintiff claimed color of title under a deed executed less than seven years prior to the institution of the action. There was "no allegation in the complaint of adverse possession for twenty years by the plaintiffs under G.S. 1-39 and G.S. 1-40." The Court sustained the demurrer on the ground that it appeared from the complaint that plaintiffs had no title, right or interest in the land. This case seems to give some support to defendants' contention. But we do not agree that the *Washington* case decides that in an action for possession of land the plaintiff is required to plead affirmatively that he has been possessed of the premises within the twenty years immediately preceding the institution of the action.

A plaintiff may allege generally that he is the owner of the land in controversy and that the defendant is in the wrongful possession

thereof. When he has so pleaded, he may proceed to prove title in himself in any lawful way he can. *Taylor v. Meadows,* 169 N.C. 124, 126, 85 S.E. 1, quoting the second headnote in *Davidson v. Gifford,* 100 N.C. 18, 6 S.E. 718, says: "When the complaint in ejectment does not set up any particular evidence of title in plaintiff, or that plaintiff claims under any specific title, the plaintiff is at liberty, on the trial, to prove title in himself, in any way he can, allowed by law." G.S. 1-39 and G.S. 1-42 must be construed together. *Conkey v. Lumber Co.,* 126 N.C. 499, 36 S.E. 42.

In *Johnston v. Pate,* 83 N.C. 110, 112, the Court said: ". . . it is not necessary that a plaintiff in an action to recover land should allege in his complaint that he had possession within twenty years before action brought. For if he establishes on the trial a legal title to the premises, he will be presumed to have been possessed thereof within the time required by law, unless it is made to appear that such premises have been held and possessed adversely to such legal title for the time prescribed by law before the commencement of such action." The *Johnston* case is quoted with approval in *Conkey v. Lumber Co., supra,* and is cited with approval in *Barbee v. Edwards,* 238 N.C. 215, 222, 77 S.E. 2d 646.

It is our opinion and we so hold that in an action for possession of land failure to affirmatively allege that plaintiff had been seized or possessed of the premises within twenty years prior to the institution of the action is not ground for demurrer.

Defendants contend that the complaint does not state facts sufficient to constitute a cause of action for correction or reformation of a deed. We agree. It will be observed that there was no delivery of the deed during the lifetime of William Elliott. The deed had been signed and acknowledged and William Elliott was named therein as grantee. The grantor retained possession of the deed under an agreement with William Elliott that it would not be delivered until the full purchase price had been paid. William Elliott died before the purchase price was fuly paid and before the deed was delivered.

Delivery is essential to the validity of a deed of conveyance. Both the delivery of the instrument and the intention to deliver it are necessary to a transmutation of title. *Barnes v. Aycock,* 219 N.C. 360, 362, 13 S.E. 2d 611; *Ins. Co. v. Cordon,* 208 N.C. 723, 725, 182 S.E. 496. In the *Barnes* case it is said: ". . . to constitute delivery there must be a parting with the possession of the deed and with all power and control over it by the grantor for the benefit of the grantee at the time of delivery. (Citing authorities.) To constitute delivery the papers must be put out of possession of the maker."

". . . (I)t is an indispensable feature of every delivery of a deed, whether absolute or conditional, that there be a parting with the possession of it and with all power of dominion and control over it, by the grantor, for the benefit of the grantee at the time of the delivery. There is no delivery in law where the grantor keeps the deed in his own possession with the intention of retaining it, particularly if he keeps possession of the property as well; dominion over the instrument must pass from the grantor with the intent that it shall pass to the grantee, . . ." 16 Am. Jur., Deeds, Sec. 128, p. 510.

From the complaint in the instant case it is clear that there was no delivery of the deed, actual or constructive, during the lifetime of William Elliott, and no title passed thereunder to him. Equity will not do a futile thing. To reform the purported deed, as recorded, so as to show William Elliott as grantee would pass no title. The plaintiffs have not stated a good cause of action for reformation of the deed.

It is our opinion that the court was correct in sustaining the demurrer but was in error in dismissing the action. G.S. 1-131; *Teague v. Oil Co.,* 232 N.C. 469, 470, 61 S.E. 2d 345. The demurrer should have been sustained without prejudice to plaintiffs' right to move for leave to amend their complaint. "When a demurrer is sustained the action will be then dismissed only if the allegations of the complaint affirmatively disclose a defective cause of action, that is, that plaintiff has no cause of action against the defendant." *Skipper v. Cheatham,* 249 N.C. 706, 711, 107 S.E. 2d 625, and cases there cited. The complaint discloses facts which might be the basis of a good cause of action against defendants if such cause is sufficiently pleaded. *Hoffman v. Mozeley,* 247 N.C. 121, 123, 100 S.E. 2d 243, and cases there cited; and *Davis v. Davis,* 228 N.C. 48, 53, 44 S.E. 2d 478, and cases there cited. Plaintiffs, if so advised, may desire to ask leave of court to amend the complaint so that a cause of action may be alleged and to make R. S. Boger a party, if living, and his heirs at law, if deceased.

The judgment below is modified by striking therefrom the portion dismissing the action. As thus modified, the judgment is affirmed.

Modified and Affirmed.