ROBERT E. COWART v. C. J. WHITLEY, NOLA B. WHITLEY, AND WHITLEY & SON, INC.

No. 7820SC117

(Filed 6 February 1979)

1. **Limitation of Actions § 8.1— action based on fraud—when statute begins to run**

     The three-year period of limitation for an action to set aside a conveyance allegedly made to defraud creditors begins to run when the fraud is known or should have been discovered in the exercise of ordinary diligence.

2. **Limitation of Actions § 8.2— fraudulent conveyance—notice of facts—jury question**

     In an action instituted in July 1976 to set aside a 1970 conveyance allegedly made to defraud creditors, the evidence presented a jury question as to whether plaintiff should have discovered the alleged fraud more than three years prior to the time the suit was instituted.

3. **Limitation of Actions § 8.2— fraudulent conveyance—notice—registration of deed**

     The mere registration of a deed allegedly made to defraud creditors is insufficient to start the running of the statute of limitations on a claim to set aside the deed.

APPEAL by plaintiff from *McConnell, Judge.* Judgment entered 7 October 1977 in Superior Court, STANLY County. Heard in the Court of Appeals 26 October 1978.

This is an action to set aside a conveyance of land that was allegedly made with intent to defraud creditors. The suit was instituted on 6 July 1976.

Plaintiff's evidence, in part, tends to show the following. In July, 1969, C. J. Whitley and wife, Nola B. Whitley, residents of Stanly County, executed a note to plaintiff, a resident of Mecklen-

burg County, promising to repay $15,000 in one year. In March, 1970, the Whitleys transferred all of their property, including the real estate that is the subject of this suit to Whitley & Son, Inc., a family corporation formed by C. J. Whitley for the purpose of taking title to the property. C. J. Whitley, as president of the corporation, subsequently sold part of the property and used the proceeds to pay some of his personal debts. C. J. and Nola Whitley continued to live on part of the property, as they did before title to the land was placed in the name of the corporation. There was other evidence tending to support plaintiff's allegation of fraud. No part of the debt to plaintiff has been paid.

On 4 April 1973, plaintiff obtained a judgment (filed 13 April 1973) against the Whitleys for the full amount due on the note and another debt due plaintiff by C. J. Whitley individually, together with interest from July, 1969 and costs. The judgment was entered by consent of the parties. At that time plaintiff agreed to deduct $5,000 if the Whitleys satisfied the rest of the judgment within 90 days. He also agreed to withhold execution of the judgment for that period. Nothing was paid and execution was issued on 5 November 1973. The Sheriff could find no property upon which to levy, and the execution was returned unsatisfied on 4 February 1974. Plaintiff did not learn that the Whitleys had transferred the title to the land until May, 1976.

Defendants moved for a directed verdict at the close of plaintiff's evidence. The motion was made on the grounds that the action was barred by the statute of limitations. That motion was denied. Defendants then offered evidence tending to show that plaintiff was aware that the Whitleys had disposed of the property as early as 1970. Defendants' motion for a directed verdict, made at the close of all the evidence, on the grounds that the claim was barred by the statute of limitations was allowed. The court also ordered plaintiff's notice of Lis Pendens to be cancelled. Plaintiff appealed.

*James, McElroy & Diehl, by James H. Abrams, Jr., for plaintiff appellant.*

*Coble, Morton, Grigg & Odom, by David L. Grigg, for defendant appellee.*

VAUGHN, Judge.

The judgment must be reversed unless the evidence discloses that, as a matter of law, plaintiff's claim is barred by the statute of limitations. Any contradictions in the evidence must be resolved in favor of plaintiff on defendants' motion for a directed verdict.

[1] The action was brought, pursuant to G.S. 39-15, to set aside the conveyance made in March of 1970 on the grounds of fraud. The action is subject, therefore, to a three-year statute of limitation. The cause of action, however, "shall not be deemed to have accrued until the discovery by the aggrieved party of the facts constituting the fraud." G.S. 1-52(9). This statute is to be interpreted as meaning that the period of limitation begins to run when the fraud is known or should have been discovered in the exercise of ordinary diligence. *Ewbank v. Lyman,* 170 N.C. 505, 87 S.E. 348 (1915); *Peacock v. Barnes,* 142 N.C. 215, 55 S.E. 99 (1906). As stated by Chief Justice Stacy, "[a] party having notice must exercise ordinary care to ascertain the facts, and if he fail to investigate when put upon inquiry, he is chargeable with all the knowledge he would have acquired, had he made the necessary effort to learn the truth of the matters affecting his interests." *Blankenship v. English,* 222 N.C. 91, 92, 21 S.E. 2d 891, 892 (1942).

[2, 3] There is clearly a factual controversy as to when plaintiff had actual knowledge of the allegedly fraudulent conveyance. Plaintiff says it was in May of 1976, while defendants say it was in 1970. Obviously the directed verdict could not have been entered on the basis of actual knowledge by plaintiff. The next question, therefore, is whether the evidence compels the conclusion that plaintiff, as a matter of law, should have discovered the fraud more than three years prior to the time this suit was started. Consideration of that question, of course, requires that the evidence be considered in the light most favorable to plaintiff. When the evidence is viewed in that light, we conclude that it presented a factual question for resolution by the jury. Under the facts of this case, the mere registration of the deed to the defendant corporation cannot be said to be sufficient to start the running of the statute of limitations on plaintiff's claim. *Elliott v. Goss,* 250 N.C. 185, 108 S.E. 2d 475 (1959); *Vail v. Vail,* 233 N.C. 109, 63 S.E. 2d 202 (1951); *Tuttle v. Tuttle,* 146 N.C. 484, 59 S.E.

1008 (1907). Whether there are other circumstances that should have put plaintiff on notice, prior to the return of the execution indicating that the Whitleys had no property upon which to levy, is a question for resolution by the trier of fact.

The judge also erred when he ordered that the notice of Lis Pendens be cancelled. The statute provides that, upon proper application, the court may cancel the Lis Pendens after the action "is settled, discontinued or abated." G.S. 1-120. The result of plaintiff's timely appeal is that his litigation is still pending.

Reversed.

Judges MARTIN (Robert M.) and MITCHELL concur.