LARRY BRAXTON HILL v. MELVIN LASSITER, PRISCILLA LASSITER HILL, CAMILLE HILL MOUSER, JAY MOUSER, RUTH ELAINE HILL, CHANNING HILL (Minor), AND THE CHILDREN IN POSSE OF PRISCILLA LASSITER HILL

No. 8011SC535

(Filed 3 March 1981)

1. **Judgments § 37.5– res judicata – consent judgment in divorce action**

A consent judgment in a divorce action which settled "all matters of controversy regarding ... settlement of property rights" and required plaintiff husband to apply proceeds of the sale of his farm equipment to reduce the indebtedness on the wife's farm property was *res judicata* and estopped plaintiff from bringing an action against the wife relitigating issues concerning ownership of the farm property.

2. **Limitation of Actions § 4– implied contract or unjust enrichment – statute of limitations**

Plaintiff's claim based on failure of defendant, his former father-in-law, to convey to him in fee as allegedly promised a tract of land on which plaintiff and his family lived and plaintiff made improvements accrued in 1965 when plaintiff had an opportunity to read a deed in which defendant conveyed the land to plaintiff's wife for life and then to her children subject to a retained

life estate in defendant, since plaintiff then had notice that defendant re-
pudiated his representations to give the land to plaintiff in fee; therefore,
plaintiff's claim instituted in 1979 was barred by the statute of limitations
even if the ten-year limitation of G.S. 1-56 rather than the three-year limita-
tion of G.S. 1-52 applied. However, plaintiff's claim based on failure of defend-
ant to convey to him his retained life estate accrued in 1977 when defendant
told plaintiff he would have to get off the land and was not barred by the
statute of limitations.

APPEAL by plaintiff from *Hobgood, (Robert H.) Judge.* Judg-
ment entered as to defendant Priscilla Lassiter Hill on 27
February 1980. Judgment entered as to defendant Melvin
Lassiter on 5 March 1980. Both judgments entered in Superior
Court, JOHNSTON County. Heard in the Court of Appeals 6 Janu-
ary 1981.

Plaintiff brought this action against his wife, Priscilla
Lassiter Hill, and his father-in-law, Melvin Lassiter, for fraud
and deceit, quasi-contract and restitution, and rescission. He
alleged that defendants led him to believe that the property on
which he and his family had lived, which originally belonged to
Lassiter, would be given to plaintiff and his family as their own;
that he was encouraged to make improvements on the property
and was led to believe that a deed had been drafted which would
protect the interests of all concerned, including the plaintiff;
and that the deed which was actually drafted and later re-
corded conveyed the property to plaintiff's wife, the defendant
Priscilla Lassiter Hill, for life, remainder to her children, sub-
ject to a reserved life estate in defendant Melvin Lassiter.
Plaintiff and his wife later obtained a divorce from bed and
board by means of a consent judgment which included a proper-
ty settlement.

Melvin Lassiter and Priscilla Lassiter Hill filed an answer
denying the material allegations of the complaint, alleging that
the causes of action stated in the complaint were groundless,
and alleging that plaintiff's claim was barred by laches, the
statute of limitations, and the statute of frauds. Defendant,
Priscilla Lassiter Hill, also referred to the consent judgment in
the divorce action in 1978 and raised the defenses of estoppel, *res
judicata*, and accord and satisfaction. Melvin Lassiter coun-
terclaimed for $2,460.14 which he had paid to the Federal Land
Bank on behalf of plaintiff and for $21,261.00, which he had paid
to the First National Bank of Smithfield for plaintiff. Priscilla

Lassiter Hill counterclaimed for an accounting and for sums that were due her from a public sale of farm equipment conducted pursuant to the consent judgment.

Plaintiff's reply denied the allegations in defendants' counterclaims and made further allegations not relevant to this appeal. Defendants Melvin Lassiter and Priscilla Lassiter Hill filed responses to plaintiff's reply denying the allegations in the reply and moved for summary judgment. Their motion was denied.

The remaindermen, the children *in esse* and *in posse* of Priscilla Lassiter Hill, also filed answer to protect their future interest in the property, but since plaintiff was later to take a voluntary dismissal as to them so as to remove them from this lawsuit, reference throughout the remainder of this opinion to the defendants will be only to those defendants who are parties in the instant appeal, Melvin Lassiter and Priscilla Lassiter Hill. Likewise, defendants' later voluntary dismissal of their counterclaims take those out of our consideration.

Defendants moved a second time for summary judgment. Priscilla Lassiter Hill this time raised the consent judgment in the couple's prior domestic action as a bar to any relitigation of claims arising out of the same property interests purportedly settled in the consent judgment. Melvin Lassiter based his motion on the lack of any benefit accruing to him by reason of the improvements plaintiff made to the farm. Plaintiff filed an affidavit in response to defendants' motions and testified at the 25 February 1980 hearing on summary judgment to the effect that he had moved onto the farm property in 1959 soon after his marriage and at the instance of his father-in-law; that at various times, right up until the couple separated in 1977, Lassiter represented to plaintiff that he was to "[d]o what you want to, it's every bit going to be yours one day," and at another time, "If you improve it, you are going to benefit by it, because it is going to you, you all"; that Lassiter came to the farm on a Christmas not long after the couple moved out there and gave them a deed that gave the property "to her and me and the children, you see, or the ones she was going to have"; that this deed was retained for some years, but never recorded, and was finally returned to Lassiter although plaintiff could not recall whether the deed was returned at Lassiter's instance or his own; that the next

deed was made in 1965 and that plaintiff read part of that deed although he later stated, "I didn't read it, I just glanced at it, how it was done, and threw it down"; that this second deed was recorded; that plaintiff first learned of Lassiter's retained life estate when he went to get a loan for improvements to the farm house in 1969; that when the couple separated in 1977, Melvin Lassiter told plaintiff, "[Y]ou will have to get off this property and so on across the road"; and that the improvements he made to the land and house were for the purpose of "looking after my family, ... building a home."

On the foregoing evidence Judge Hobgood granted the wife's motion for summary judgment, but denied Melvin Lassiter's motion. Plaintiff appeals from summary judgment in favor of the defendant Priscilla Lassiter Hill.

Plaintiff's case came on for trial and after one day of trial, the parties stipulated that the court should hear arguments and rule on the facts already in evidence as to the applicable statute of limitations and whether plaintiff's action should be barred thereby. The court found as a fact that plaintiff received notice of Melvin Lassiter's retained life estate no later than 1969 when he was involved in securing a deed of trust loan on the property and concluded that plaintiff's action was based on an implied contract or mistake and that it was therefore barred by the three-year statute of limitations. G.S. 1-52. Plaintiff appeals from the judgment of the Court that his action be dismissed for failure to prosecute it within the applicable statutory period.

*Narron and O'Hale by James W. Narron for plaintiff appellant.*

*Mast, Tew, Nall & Lucas by George B. Mast for defendant appellees.*

CLARK, Judge.

[1] We affirm the trial court's order of summary judgment against plaintiff on his claim against Priscilla Lassiter Hill on the grounds that "the judgment in File No. 77CVD837 (Johnston County) is conclusive as to all matters in controversy between the plaintiff and Priscilla Lassiter Hill ...."

We note that the parties' consent judgment of 24 January 1978 recites that:

> "the parties have compromised and settled *all matters of controversy regarding* child support and custody, *settlement of property rights* and the [other] contested issues . . . and by consenting to this judgment authorize the Court to enter this judgment as its own judgment to be enforced by contempt or any other means set forth in the General Statutes of North Carolina or by the inherent powers of this Court." (Emphasis added).

The judgment provides for plaintiff to sell his farm equipment and apply the proceeds to pay off his wife's Buick automobile and his daughter's Vega, with the remainder of the proceeds to "be applied to the loan . . . incumbering *plaintiff's* [plaintiff in this domestic case was Priscilla Lassiter Hill] property known as 'The Pond Farm.' " (Emphasis added.)

We believe that the consent judgment is *res judicata* as to "all matters of controversy regarding . . . settlement of property rights." We view the reference to the Pond Farm and the provision for plaintiff Larry Braxton Hill [defendant in the domestic action] to pay proceeds of the sale of his farm equipment to reduce the indebtedness on "plaintiff's [the wife's] property" as establishing that both the subject matter and the issue of ownership of the property were contemplated by the parties. Plaintiff had every reason to litigate title to the farm at the time of the prior action, but did not. Rather he admitted in his pleadings that his wife was "the owner by virtue of a life estate of the home formerly occupied by the parties," and signed a consent judgment settling the property rights of the couple. That judgment was a final judgment, not subject to modification. *Bunn v. Bunn*, 262 N.C. 67, 136 S.E. 2d 240 (1964). We hold that plaintiff's claim against his former wife was merged into the consent judgment estopping plaintiff from re-litigating a claim arising out of the same property interests determined in the former action. *See Brondum v. Cox*, 292 N.C. 192, 232 S.E. 2d 687 (1977).

[2] We next turn to plaintiff's claim against his father-in-law, Melvin Lassiter. Defendant argues that plaintiff's claim was properly characterized by the trial judge as one for mistake or an implied contract, and asserts that the three-year statute of

limitations in G.S. 1-52 was properly applied. Plaintiff argues that his claim was an action for unjust enrichment and as such should be barred only after ten years as provided in G.S. 1-56. We see no reason to be concerned either with the nature of plaintiff's action or with which of the two statutes should apply. Regardless of the tag placed on plaintiff's action, or the statute applied, it is the accrual of the action which determines when the applicable statute begins to run. We find two events significant to the accrual of plaintiff's action, and since one occurred more than ten years before the action was instituted and the other occurred within the three years next preceding its institution, the effect of these events must be the same whether the statute is ten years or three.

Our decision on this issue must be controlled by the decision of our Supreme Court in the analogous case of *Fulp v. Fulp*, 264 N.C. 20, 140 S.E. 2d 708 (1965). In that case the parties, husband and wife, placed improvements on land titled in the name of the husband alone. The husband agreed that if the wife would contribute one-half of the cost of the improvements, he would have her name added to the deed. The wife paid one-half the costs of the improvements which were completed in 1952. The wife then requested that the property be titled in the names of both her and her husband, to which the husband replied, "You don't think I'm a damn fool, do you?" The parties separated in 1959, at which time the wife brought an action to impress a resulting or constructive trust, or in the alternative, to recover her contributions to the cost of the improvements. The opinion by Justice (later Chief Justice) Sharp, discusses the inapplicability of the resulting and constructive trust doctrines, the applicability of the equitable lien doctrine, the applicability of the statute of limitations to actions between husband and wife, and the appropriate statute of limitations to be applied in that particular case; but the significance of that case to the case *sub judice* is its formulation of when such a cause of action accrues.

"Unquestionably ... the statute of limitations began to run against plaintiff's claim against defendant when, upon completion of the house in 1952, she called upon him to perform his agreement 'to put her name on the deed' and he replied 'You don't think I'm a damn fool, do you?' This was a flat repudiation of his agreement and was notice to plaintiff that he intended to misappropriate the funds which he had

received from her through their confidential relationship."
*Id.* at 26, 140 S.E. 2d at 714.

Applying this analysis to the case *sub judice*, we find that plaintiff's cause of action accrued when there were sufficient repudiations by defendant Lassiter of his representations to give the land to plaintiff to put plaintiff on notice that Lassiter had no intention of ever letting plaintiff have the land. We find two events significant as repudiations and thus notice to plaintiff that Lassiter did not intend ever to give the farm to the plaintiff.

Plaintiff admits in his testimony that:

"I had read part of the deed that was recorded in 1965. I didn't read that Melvin had a life estate retained. I don't think I read that. . . .

. . . I didn't read it, I just glanced at it, how it was done, and threw it down."

It is clear from the record that plaintiff's reference is to the deed, dated 29 January 1965 and recorded 22 November 1966, which conveyed the farm "to Priscilla Lassiter Hill for and during her natural lifetime only and then to the children of Priscilla Lassiter Hill and their heirs and assigns . . . subject to life estate in Melvin Lassiter." We are aware that the mere registration of the deed, particularly where the plaintiff was not a party thereto, cannot of itself constitute notice to plaintiff of its contents. *See Elliott v. Goss*, 250 N.C. 185, 108 S.E. 2d 475 (1959); *Vail v. Vail*, 233 N.C. 109, 63 S.E. 2d 202 (1951); *Tuttle v. Tuttle*, 146 N.C. 484, 59 S.E. 1008 (1907); *Cowart v. Whitley*, 39 N.C. App. 662, 251 S.E. 2d 627 (1979). We believe, however, that plaintiff's admission that he read part of the deed suggests he had an opportunity to read all of it. He knew the deed contained property in which he expected to receive an interest. There is no indication that defendant practiced a fraud on plaintiff to prevent his reading the deed. Under circumstances where a party has every reason and opportunity to read an instrument, and can show no reason for his failure to do so, we see nothing unfair or inequitable with charging him with notice of the instrument's contents. We hold that plaintiff Larry Braxton Hill was chargeable with knowledge of the retained life estate of defend-

ant Melvin Lassiter from the deed drafted in 1965 and recorded in 1966.

According to plaintiff's testimony, Lassiter said he would give the farm to plaintiff. Lassiter could give to plaintiff no more than he had. After the 1965 deed, he had nothing but a life estate and plaintiff had notice of this fact. He could still give his life estate to plaintiff, but he could no longer pass the fee. Plaintiff's action, therefore, accrued in 1965 or 1966, which is well outside even the longer ten-year statute of limitations, as to that part of Lassiter's interest in the farm that was then alienated. Regardless, then, of the statute applied, plaintiff's action against Lassiter must be limited to his father-in-law's retained life estate, since the execution, delivery, and recordation of the 1965 deed constitutes a repudiation of any earlier agreement to give the farm to plaintiff in fee, since plaintiff is chargeable with notice of the contents of the deed from the fact he admits he read part of the deed and presumably had the opportunity to read all of it, and since more than ten years passed before plaintiff instituted the present action in 1979.

Plaintiff's testimony indicates he made the improvements to the farm in the expectation that Lassiter would someday deed it to him. Although Lassiter's interest in the farm was limited to a life estate after 1965, we cannot say as a matter of law that Lassiter's conveyance of a future interest to his daughter and then to her children constituted a full repudiation of his promise to plaintiff to convey the property to him. Lassiter could still convey to plaintiff his life estate, and we think plaintiff cannot fairly be charged with notice of any intention not to do so from the 1965 deed. On the contrary, Lassiter had the ability and, so far as plaintiff knew, the intent someday to convey to plaintiff what interest he had in the farm right up until plaintiff and his wife separated in 1977. At that time plaintiff testified that Lassiter told him, "You get off," and "[Y]ou will have to get off this property and so on across the road." We believe these statements constitute a sufficient repudiation by Lassiter of his agreement to give his interest in the farm to plaintiff to constitute notice to plaintiff that Lassiter had no intention ever to make good on his promise. Thus under the rule laid down in *Fulp, supra,* plaintiff's cause of action with regard to Lassiter's retained life estate accrued in

1977 and is barred by neither the three-year nor the ten-year statute of limitations.

The summary judgment entered 27 February 1980 in favor of Priscilla Lassiter Hill and all other defendants except defendant Melvin Lassiter is affirmed; the judgment entered 5 March 1980 barring plaintiff's action against defendant Melvin Lassiter is reversed and the cause is remanded.

Affirmed in part; Reversed in part and Remanded.

Judges HEDRICK and MARTIN (Robert M.) concur.